## MARY C. PASH, Appellant, v. CITY OF ST. JOSEPH.

In Banc, April 2, 1914.

1. **BENEFIT ASSESSMENTS: No Benefit District: Park Districts.**
A city cannot condemn land for park purposes in a particular park district, and assess benefits or damages caused by its establishment, when no such district in fact exists. The enforcement of a judgment assessing and levying special assessments on real property for the purpose of purchasing a public park, rendered in a suit begun long before the city council had divided the city into park districts, as required by statute, will be enjoined. Under the statutes governing the city of St. Joseph the non-existence of a park district at the time a condemnation suit was brought to condemn land for park purposes and at the time notice was given of an order for the impaneling of a jury to assess benefits and at the time the court began to take evidence, renders void the verdict returned by the jury apportioning the benefits and the judgment confirming their verdict.

2. ———: ———: ———: **Object of Notice.** The object of a notice to property owners of an order of court impaneling a jury to apportion among lot owners the benefits arising from the

condemnation of land for a park, is to permit them an opportunity to be heard and to present their rights and interests for the consideration of the jury; and that object would be totally defeated if there were when notice was given no park district, for they would not then know whether or not their lots would be embraced within the district for which they were to be taxed.

Appeal from Buchanan Circuit Court.—*Hon. William D. Rusk,* Judge.

Reversed and remanded (*with directions*).

*Thomas B. Allen* for appellant.

(1)  To render an assessment for a public improvement valid the various acts prescribed by the statute, must, in all essential particulars, be strictly performed; otherwise the assessment will be void. The rule is universal and applies to all statutes upon the subject of taxation, whether for local government or public revenue. No person can be held for a tax of any kind, except upon the production of assessment against him made in the manner provided by the taxing power. Sedgewick on Statutes, 319; Bensley v. Water Co., 13 Cal. 306; Curron v. Shattuck, 24 Cal. 427; Stanford v. Worn, 27 Cal. 171; Nickloys v. Conkling, 20 N. E. 797; Smith v. Davis, 30 Cal. 537; Taylor v. Dormer, 31 Cal. 482; In re Church Assessment, 56 N. Y. 396; In re Blodgett, 52 How. Pr. 121; Sharp v. Spear, 4 Hill, 76; In re Jones, 78 Ala. 419; 1 Dillon, Mun. Corp., sec. 91, note. (2)  The statutes require, as a prerequisite to the proceedings to condemn land for a park, that the territory of the city be divided into park districts, and the existence of such park districts is a jurisdictional fact in the proceeding. The non-existence of park districts at the time the condemnation suit was brought rendered the whole proceedings and the judgment void. Sec. 192, Laws 1909; R. S. 1909, sec. 8725. (a)  The language of said section (8725) is itself mandatory.

Kansas City v. Mastin, 169 Mo. 93. (b) The context of said section (Sec. 192, Laws 1909: Sec. 8725 R. S. 1909) shows that its provisions are mandatory, prerequisite and essential to a proceeding to condemn land for a park. Laws 1909, secs. 193-96, 201, 207-10, 213-16, 218, 220, 228. (c) A proceeding to condemn land for a park and provide payment for same by special assessment on real property, without the prior creation and existence of park districts, is void. This is pointedly and clearly evidenced by sec. 213, Laws 1909 (Sec. 8746, R. S. 1909), which provides that on acquisition and payment of the park site, the court shall adjudge the title to the land condemned shall be in the city to the use of park district. How can a judgment be rendered in a condemnation proceeding when there was no park district to receive and hold the beneficial use of the land taken for a park? (d) The fact of prior creation and existence of park districts is jurisdictional and must affirmatively appear in the special ordinance authorizing the condemnation proceeding which performs the office of the petition in the suit. (e) The admission by demurrer in this case that there were no park districts created or in existence at the institution of the condemnation proceedings is fatal to the proceeding and judgment rendered therein. (3) The power to establish a park in a city of the first class is predicated and dependent on the initiation of the park board and statutory procedure. The city cannot establish a park except upon recommendation and authority of the park board and according to the procedure set forth in the statute. Billings v. Chicago, 167 Ill. 337; Chicago v. Carpenter, 201 Ill. 402; Park Comrs. v. Chicago, 152 Ill. 392. Where a charter provision provides that certain improvements shall be constructed on a certain plan, to be adopted by the city council, the city has no power or jurisdiction to make such improvement in disregard of such plan. In re School to Vacate Assessment, 46 N. Y. 179; In re

Blodgett, 52 How. Pr. 120. (4) Special ordinance No. 5722, authorizing the condemnation suit is void and furnishes no legal foundation for the condemnation suit and conferred no jurisdiction on the court to entertain the suit. The section of the statutes upon which the above ordinance was based is Section 195, Laws 1909 (Sec. 8728, R. S. 1909). That section expressly provides for the fixing of benefit districts with reference to park districts and a failure to describe the benefit district with reference to park districts is fatal to the ordinance. As we have seen, the other charter provisions make it obligatory and compulsory on the city undertaking to condemn land for a park to announce and publish, in the ordinance, the exact and particular park district, or districts or parts thereof in which the park is to be located. A void ordinance cannot be made the basis of a condemnation suit. (5) The judgment in the condemnation proceeding is void. The ordinance authorizing the proceeding, which performs the office of a petition, is absolutely void and, therefore, the proceeding based thereon is void. At the institution of the suit, July 10, 1911, there was no allegation or mention of the existence of park districts and there were, in fact, no park districts in existence, as admitted by the demurrer, and negatived by the allegation that park districts were created on January 16, 1912, six months after the filing of the suit and over two months after the condemnation proceeding had been submitted to the jury. It nowhere appears in the whole record of the condemnation proceeding that there were, at any time, any park districts.

*Frank B. Fulkerson* for respondent.

(1) Appellant's petition is fatally defective in the following particulars: (a) No sufficient reason is given why a court of equity should enjoin the judg-

ment at law, rendered in this case. There is no allegation that appellant did not make the same defense below as here. Nor is there any allegation that she was prevented at the hearing of the original proceedings from making the defense that she attempts to make here. If for any reason Special Ordinance No. 5722 is void now it was void from the beginning and that defense was open to appellant at the trial in the circuit court. If she made the defense and the court ruled against her below her remedy was by appeal. McDonald v. McDonald, 242 Mo. 173; Renfro v. Renfro, 54 Mo. App. 429; Wyman v. Hardwick, 52 Mo. App. 621. Appellant must have exhausted her possible legal remedies by appeal or writ of error before equity will hear her. Railroad v. Maddox, 92 Mo. 469; Stockton v. Ransom, 60 Mo. 535; Hotel Assn. v. Parker, 58 Mo. 327; 23 Cyc. 981, 993; 16 Am. & Eng. Ency. Law (2 Ed.), p. 397; Ratliff v. Shield, 30 N. E. 30; Railroad v. Henderson, 18 S. W. 432; Warne v. Irwin, 53 N. E. 926; 1 Black on Judgments, sec. 393. If she failed to set up her defense, that failure on her part constitutes such negligence as now precludes her from setting it up in this action. Cantwell v. Johnson, 236 Mo. 575; Meska v. Cornwell, 145 Mo. App. 650; Vostine v. Bast, 41 Mo. 494; Perkins v. Railroad, 143 Mo. 513; Kelly v. Kress, 68 Cal. 210; Barr v. Post, 80 Am. St. 680; Holinger v. Reeme, 46 Am. St. 402; Hanna v. Monow, 43 Ark. 107; Irrigation Co. v. Gildersleeve, 174 U. S. 603. The right to set aside this judgment is now *res adjudicata.* Johnson v. Latta, 84 Mo. 142; Reilly v. Russell, 39 Mo. 152; Miller v. Bernecker, 46 Mo. 194; Dobbs v. Ins. Co., 72 Mo. 189; Hotel Assn. v. Parker, 58 Mo. 327. (b) Appellant does not plead fraud, accident or mistake as an excuse for her abandoning her defense at law and proceeding in a court of equity, and yet the authorities in this State are practically unanimous that some such allegation should be pleaded. State ex rel. v. Englemann, 86 Mo. 563;

Murphy v. DeFrance, 101 Mo. 158; Murphy v. De France, 105 Mo. 65; Liebe v. Liebe, 239 Mo. 158; Koehler v. Reed, 96 N. W. 380; Bankers' Union v. Landis, 106 N. W. 973; Canada v. Barksdale, 6 S. E. 10. (c) Appellant's petition contains no allegation attempting to excuse or explain her action in failing to set up her defense, nor denying that the opportunity to do so was presented to her at the trial of the proceedings in the circuit court. Yet, this was necessary, in order that she should make her petition good in a court of equity. Carolus v. Koch, 72 Mo. 647; Patterson v. Yancey, 97 Mo. App. 681; Sanderson v. Voelcher, 51 Mo. App. 328; Risher v. Roush, 2 Mo. 95; Cadwaleder v. Atchison, 1 Mo. 659; Cantwell v. Johnson, 236 Mo. 575. (d) This action could be maintained only when it appears that appellant herself is free from negligence in making her defense. Renfro v. Renfro, 54 Mo. App. 429; Matson v. Field, 10 Mo. 100; Black on Judgments (2 Ed.), par. 387. (e) The appellant fails to allege that the judgment rendered herein is inequitable or unjust. Such an allegation is absolutely necessary before she can have any standing whatever in a court of equity to enjoin the enforcement of this judgment. Sauer v. City of Kansas, 69 Mo. 49; Stokes v. Karr, 11 Wis. 389; Thomas v. Weir, 59 Wis. 103; Morris v. Morris, 76 Ga. 733. (f) Appellant fails to allege ignorance of the judgment rendered in this case. This she should have done, if she asked relief on that account. Eldred v. White, 36 Pac. 944; Henderson v. Hinckley, 17 How. 443. (g) The right of appeal was open to appellant, but no reason is assigned for not appealing. Sec. 8736, R. S. 1909. (h) If the circuit court had no jurisdiction in the condemnation case, and the judgment was void on that account, as appellant alleges, a "court of equity will not interfere to do a nugatory act." Railroad v. Reynolds, 89 Mo. 146; Ostmann v. Frey, 148 Mo. App. 284;

257 Mo. 22

Railroad v. Lowder, 138 Mo. 533. (2) Sec. 8733, R. S. 1909, is not in conflict with secs. 3 and 4 of art. 10 of the Constitution of Missouri, as claimed by appellant. Corrigan v. Kansas City, 211 Mo. 608; Kansas City v. Bacon, 147 Mo. 259; Farrar v. St. Louis, 80 Mo. 379; St. Joseph v. Owen, 110 Mo. 445; Clinton v. Henry County, 115 Mo. 557; Water Co. v. Lamar, 128 Mo. 188.

WOODSON, J.—This suit was instituted in the circuit court of Buchanan county, June 9, 1913, by the appellant, in her own behalf and that of several hundred other property-owners similarly situated, to enjoin the respondent, the city of St. Joseph, a city of the first class, from enforcing a judgment of said court, rendered January 28, 1913, making or levying special assessments on real property situate therein for the purpose of purchasing a site for a public park in said city, and to cancel said judgment as a lien upon their real estate, and to remove the cloud cast thereby upon the titles to their said property.

A demurrer was filed to the petition, which was by the court sustained; and the plaintiff declining to plead further, judgment was rendered accordingly for the defendant. From that judgment the plaintiff duly appealed the cause to this court.

The material facts of the case, as stated in the petition and admitted by the demurrer of the city to be true, are but few, and are as follows:

The city of St. Joseph is a city of the first class; and on February 1, 1911, it duly enacted special ordinance numbered 5722, condemning certain land in said city for the purposes of a public park, parkway, etc., which need not be set out.

That on July 10, 1911, said city filed in the circuit court of said city a certified copy of said ordinance, as provided for by its charter. That on said day said court made an order fixing August 14, 1911, the date

for impaneling a jury to assess the benefits that would result to the property by virtue of the establishment of said park.

Notice of said order was duly given and proof thereof was duly filed on said last named date; and on the 21st of same month, said court made an order impaneling a jury to assess the benefits.

Thereafter, on November 6, 1911, and during the October term of said court, the jury was duly sworn and the cause was submitted to it and the taking of the evidence in the cause was begun.

Thereafter, on January 16, 1912, the common council of said city duly, for the first time, enacted a special ordinance dividing the territory of said city into three park districts numbered 1, 2 and 3.

Thereafter, on August 12, 1912, during the May term of said court, the jury returned its verdict into said court assessing said benefits, which was duly filed: and on January 28, 1913, during the January term thereof, said court, after hearing all objections and exceptions to the verdict of the jury, overruled the same and rendered final judgment confirming the verdict of the jury assessing the benefits complained of.

And for the nullification of that judgment, as previously stated, this suit was instituted.

While counsel for each party present and discuss a number of propositions, yet it is not

**Assessment Without Benefit District: Jurisdiction.** necessary to consider but one of them, because all others are predicated upon that one, and whichever way it is decided, they must follow.

From the statement of the case it is seen that the condemnation proceedings which resulted in assessing the special benefits against appellant's property, were instituted about one year before the ordinance establishing the park districts was enacted. That is, ordinance No. 5722, condemning the property for park purposes, was enacted February 1, 1911, and was filed in

the circuit court July 10th, same year, while the ordinance establishing the park district was not enacted until January 16, 1912, almost a year, as previously stated, after the condemnation proceedings had been instituted.

Upon that state of facts counsel for appellant contends that, "The non-existence of park districts at the time the condemnation suit was brought rendered the whole proceedings and the judgment null and void," and consequently its validity may be challenged in this equitable proceeding.

The basis of that contention is predicated upon this insistence: "The statutes require, as a prerequisite to the proceedings to condemn land for a park, that the territory of the city be divided into park districts; and that the existence of such park districts is a jurisdictional fact in the proceeding."

The presentation of this question in this form requires the consideration of the laws and the ordinances of the city of St. Joseph.

The authority of the city to establish park districts is found in section 192, Laws 1909, p. 216, same as section 8725, Revised Statutes 1909, which reads as follows:

"Sec. 8725. *May create park districts*—Said board of park commissioners shall recommend to the city council a division of the territory within the city limits into park districts, the number, names and description of said districts to be designated by said board, and to be established by ordinance, and thereafter, when the city limits may be extended or said board shall deem it advisable for any reason, said park districts may be increased or diminished in number, and the extent and area thereof may be increased or diminished by adding to or taking away from the territory thereof; but such changes shall be made only by ordinance, as recommended by said board."

The language of this section is plain and unambiguous. It provides that the park commissioners *shall* recommend to the city council, park districts, etc., and that they shall be established by ordinance.

There can be no question but what this language is mandatory and must be obeyed by the commission and council, before the body, much less the life of the district can be created, and is in keeping with the general laws of nations, states, counties and municipalities which require that they shall be established, and the boundaries thereof fixed before they begin to exercise civil or political powers or they may be exercised for them.

In the case of Kansas City v. Mastin, 169 Mo. 80, l. c. 91, in discussing a similar charter provision, this court said:

"The proposition that the charter of Kansas City violates sections 16 and 17 of article 9 of our Constitution, because it creates a third house of legislation in the board of park commissioners, was negatived in the decision of this court in Kansas City v. Bacon, 147 Mo. l. c. 283.

"As there said, 'it was entirely competent to require, as a condition precedent, a prior recommendation of the park board. Such a provision confers no power on the board to legislate, but simply imposes a limitation upon the council. Until the council acts, no park can be established. [St. Louis v. Gleason, 93 Mo. 33.]' The city councils of said cities have not unlimited powers of legislation without regard to their charters, and it was never intended they should have. We see no reason for departing from the decision in Kansas City v. Bacon, on this point. [Kansas City v. Ward, 134 Mo. 172.]"

To the same effect is American Tobacco Co. v. Missouri Pacific Ry. Co., 247 Mo. 374.

But the former case did not turn upon that point, because section 1 of article 7 of the charter of that city

provided other means for creating park districts, and this court there held that either of those modes might be pursued by the city; and in so holding the court on page 93, said:

"But it is also contended that this proceeding must be adjudged void because there is no statement in the ordinance or record that the board of park commissioners had ever devised or adopted 'a system of parks.' As we understand this contention, it is that section 5 of article 10 of the charter confers upon the park board the power, and devolves upon it the duty, of devising and adopting a system of parks and boulevards, and unless there is an allegation in every condemnation proceeding that the board had first devised and adopted *a system*, there is no jurisdiction in the circuit court. .

"By section 1 of article 7 of the charter, general power is conferred upon the city to establish parks and boulevards. The language of section 5 of article 10 is, 'Said board of park commissioners shall have power, and it shall be its duty, to devise and adopt a system of public parks, parkways, and boulevards, for the use of the city and its inhabitants, and to select and designate lands to be used and appropriated for such purposes within said city. But the power to condemn is not made dependent upon the adoption of a system of parks and the power of the city to acquire or condemn parkways or boulevards is not restricted by such a provision. There is no requirement that evidence of the adoption of such a system shall be preserved in any particular form, or filed in any public office. In the absence of some provision in the charter or the ordinance under which the proceedings are conducted, that such a step shall constitute a condition precedent to the acquisition of a parkway by condemnation, it is not a jurisdictional fact necessary to be stated in the petition or ordinance. The proceeding is required to be conducted in a court of general jurisdic-

tion, and the power to condemn is given in the charter and ordinance, and the proceeding is clearly referable to that power and it is not essential that it shall be stated anew in order to confer jurisdiction. The provision is easily distinguishable from those cases in which the courts have no power to proceed until it appears that the parties cannot agree, as in Ells v. Railroad, 51 Mo. 200, and Railroad v. Campbell, 62 Mo. 585. [Kansas City v. Smart, 128 Mo. l. c. 287, et seq.] The charter makes it obligatory that at least one park shall be established in each park district, without any reference to a plan of parks. Had appellants appeared at the trial, and proved, or offered to prove, that the park board had not devised a general system of parks, it would have constituted no defense whatever to the proceeding."

Moreover, in that case there was nothing but the record proper before this court, and the only question was whether or not it was necessary that the ordinance condemning the land should have *recited* the facts that the board of park commissioners had devised, adopted and recommended to the city council a general park system, and that in pursuance thereof an ordinance had been enacted establishing the same, before the circuit court could acquire jurisdiction of the subject-matter.

This court in that case held that such recitals were not jurisdictional because this court would presume that all those preliminary steps had been properly taken before the ordinance condemning the land had been filed in the circuit court.

But in the case at bar the question is not one of procedure, as there. Here the park districts had not in fact been established at the time of the passage of the ordinance condemning the land or at the date it was first filed in the circuit court; but upon the contrary, it was not enacted until about one year thereafter, and that too, after the proceedings had been filed in the cir-

cuit court and after notice had been served and the
jury had been selected, and the taking of evidence had
materially progressed.

Clearly these were jurisdictional facts, though the
recital of them may not have been necessary, as was
held in the case of Kansas City v. Bacon, supra. It
would be absurd and nonsensical to say that a city can
condemn land for park purposes in a particular park
district, and assess benefits caused thereby, when no
such district in fact existed.

Counsel for the respondent does not seem to con-
trovert that proposition, but seeks to escape from its
effect by insisting that since the circuit court was a
court of general jurisdiction, its judgment, unappealed
from, confirming the verdict of the jury assessing the
benefits, foreclosed all inquiry as to the establishment
of the park districts mentioned.

I am unable to see the soundness of that insist-
ence, for the reason that the question of the existence
of the park districts was not before the court for ad-
judication. That court had no authority by law, decree
or otherwise, to establish park districts in the city of St.
Joseph; that was a matter resting solely within the
province of the park commission and the city council,
as shown by section 8725, Revised Statutes 1909, pre-
viously quoted; consequently at the time of the institu-
tion of the condemnation proceeding, there existed no
park districts within which the lands mentioned could
be assessed for park purposes; nor did any such dis-
trict exist at the time the notice was served that such
proceedings had been instituted and that certain lands
would be assessed for that purpose.

Nay, no such district had been created for five
months or more after the jury had been impaneled
to assess the benefits and some two and one-half months
after the introduction of evidence had begun.

The very object of the notice was to give the prop-
erty-owners an opportunity to be heard in the proceed-

ings and present their rights and interests before the jury, which could not have been done, if they had no means of knowing whether or not their lands would be embraced in the park district for which they were sought to be taxed. [The St. Joseph Terminal Railway Co. v. The Hannibal and St. Joseph Railway Co., 94 Mo. 535, 1 c. 542; State ex rel. v. Riley, 203 Mo. 175, l. c. 191.]

It was held in the latter case, that one of the most, if not the most important step to be taken in this class of proceedings, is the establishment of the boundaries of the beneficial districts, and that great injury might be inflicted upon the property-owners if they were denied a fair and impartial trial at this stage of the proceeding.

And in State ex rel. v. Wiethaupt, 254 Mo. 319, it was held in a drainage district case a change of boundaries of the district after notice had been given rendered all of the proceeding therein up to that time null and void; then *a fortiori* should the proceedings in this case be held null and void where the boundaries of the park district, the same as the benefit district, had never been established for a year or more after the giving of the notice.

If these cases, and many others of like import, correctly declare the law, then it must inevitably follow that the existence of the park district is a prerequisite to institution and prosecution of such proceedings, or we will be confronted with the proposition that the property-owners to be affected thereby would be deprived of their property without a hearing and without due process of law, under both the State and Federal Constitutions, since there is no pretense that an additional notice was given after the district had been formed.

In fact, so far as disclosed by the record in the condemnation proceedings no ordinance creating the

park districts was ever enacted. That fact only appears from the allegations of the bill filed in this case, and the demurrer admits such ordinance was passed January 16, 1912; but neither the record in this case nor in that shows that said ordinance was ever called to the attention of the circuit court during the pendency of the condemnation proceedings; and had it not been for the fact that counsel for appellant set out said ordinance in his printed argument in this court, we never would have known its provisions.

However, we have attached no importance to the provisions of that ordinance for two reasons; first, because it was not before the trial court in the condemnation proceedings; and, second, because counsel for respondent insists, which is true, that it is not properly before this court. But the fact that said ordinance establishing the districts was not enacted until a year after the condemnation proceedings were instituted is charged in the petition in this case and that fact is admitted by the demurrer which properly presents that fact to this court.

While it is regrettable that this state of affairs exists, yet we are compelled to write the law applicable to the facts as they exist, and not as to what we might wish them to be.

Entertaining these views of the case, we are of the opinion that the judgment should be reversed and the cause remanded to the circuit court with directions to grant a new trial in harmony with the views herein stated. All concur; *Faris, J.*, in result.