STATE OF MISSOURI at the relation of SEBASTIAN PEDROLIE, WILLIAM E. HILSMAN and FLORENCE A. SPOTTS, Relators, v. DANIEL N. KIRBY, LUTHER ELY SMITH and PAUL J. KAVENEY, Members of and Constituting the Civil Service Commission of the City of St. Louis.— 163 S. W. (2d) 964.

Court en Banc, July 25, 1942.

*E. H. Wayman* for relators.

*Joseph F. Holland*, City Counselor, *George L. Stemmler, Oliver Senti* and *Albert Miller*, Associate City Counselors of St. Louis, and *Charles P. Williams* for respondents.

 DOUGLAS, J.—This is an original proceeding in mandamus to compel respondents, as members of the newly created Civil Service

Commission of the City of St. Louis, to entertain jurisdiction and determine the appeals of relators from their discharge as employees in the classified service of the city.

The city adopted a new charter in 1914. This charter included a series of provisions undertaking to group employment under the city into classified and unclassified service. It provided a form of qualified civil service with respect to the classified branch. These provisions were included in Article XVIII of the charter under the heading "Efficiency Board."

A proposal to amend that charter by the substitution of a new Article XVIII was submitted to and adopted by the people of St. Louis at an election held September 16, 1941. The purpose of this amendment as therein stated was "to provide a modern and comprehensive system of personnel administration for the city, whereby economy and effectiveness in the personal services rendered to the city, and fairness and equity to the employees and tax-payers of the city, alike, may be promoted."

The amendment contains safeguards designed to insure employment and continuity of service on the grounds of merit and fitness rather than other considerations. One of them forbids discrimination or discharge because of political opinions, affiliations or service. The commission is authorized to consider appeals by employees and to order the reinstatement of any employee, without loss of pay, who has been discharged for political reasons. Furthermore, employees in the classified service at the time the amendment took effect automatically came under its provisions. The amendment expressly struck out all the provisions of the old Article XVIII subject to the temporary exception we discuss presently.

██ ██ Relators allege they were employees in the classified service of the city at the time the amendment was adopted and were thereafter discharged because of political considerations. They appealed to the commission but it refused to consider their appeals. They then instituted this proceeding.

The commission admits it has refused to entertain said appeals and to consider and determine the cases of relators. It asserts it lacks jurisdiction, at this time, to consider the appeals because the provisions of the amendment giving it authority to do so are not yet in full force and effect. For support it relies on the exception in Section 30 which provides a temporary period not to exceed one year for the performance of certain duties necessary for full compliance with the terms of the amendment.

Section 30 provides: "Time of Effect.—This amendment shall take effect immediately, except that payrolls may be certified and payments be made thereon, under the provisions of previously existing Charter provisions, and ordinances and rules, applicable thereto, during such temporary period not to exceed one year as is necessary, in

the opinion of the Civil Service Commission, to provide for the Director of Personnel, the rules, the classification and compensation plans, the ordinances, the allocation of the existing positions to their appropriate classes and the fixing of the rates of compensation thereunder, and the forms and procedures, necessary for full compliance with the provisions of this Article.''

It is our opinion that this section does not sustain the commission's position.

Interwoven in the various terms of the amendment are provisions relating to the audit and certification of payrolls and payments thereunder. There is, for instance, a prohibition against paying a person until his position has been classified and allocated by the director. There being no director as yet no salary could be paid. Necessity requires that payrolls be met promptly. It was to cover such a situation that the exception was made so as to permit salary payments under the provisions of the old system. We find nothing in the exception which applies to the matter in issue here.

The purpose and spirit of the law would be violated and ignored if the employees would be deprived of their right to relief from improper discrimination which is given them by the amendment. It is true that the old article prohibited such discrimination but the relief was not equal. It merely permitted replacing the name of a person on the eligible list if he had been wrongfully discharged. The efficiency board was given no authority to grant the broader relief, reinstatement without loss of pay, provided in the amendment. The provisions of the amendment forbidding discrimination and the right of the employee, who has suffered because of it, to the relief specified became effective at once.

The general rule is that a law becomes effective when adopted or approved. In State ex rel. Otto v. Kansas City, 310 Mo. 542, 276 S. W. 389, we discussed this subject. That case had to do with the effective date of a newly adopted charter of Kansas City. The charter provided that parts of it became effective on the date of its adoption and postponed the effective date of the remainder for more than a year. This court held such provision valid, stating: ''Absent constitutional or general statutory provision fixing such time, . . . the proposed charter might have contained a lawful provision that from and after its adoption it should become the charter of Kansas City, and also an appropriate provision postponing the operation of one or more sections thereof until some future definite date. As a matter of fact this is exactly what was done. . . .'' This statement correctly follows the established law. We approve it and deem it most pertinent here.

The right of an employee to hold his position free of discrimination and to be reinstated without loss of pay if improperly discharged vested immediately upon the adoption of the amendment.

The only method provided for enforcing this right appears to be by appeal to the commission. Even though such right be a present one, its enforcement may properly and necessarily be postponed until the commission is prepared to function. Common sense tells us that such a complex plan as this one is, requiring first the appointment of the commission, then the examination and appointment of the director, and then the preparation and adoption of ordinances, rules and regulations of administration, cannot be put into action over night. The machinery for its administration is not yet assembled. The only action taken so far has been the appointment of the members of the commission. There is no director. As the director is alone empowered to appoint the employees of the department of personnel there is no department organization. There are no rules promulgated governing appeals. This situation exists for a variety of good reasons. We have before this court a suit attacking the constitutionality of the amendment which was recently argued and is decided at the same time as this case. This fact alone is proper cause for an administrative body to delay its functioning. [Berkshire Employees Assn. v. National Labor R. Bd., 121 Fed. (2d) 235.] Besides, the commission itself had to institute an action for a declaratory judgment in order to make clear certain provisions of the amendment and the commission's powers under them concerning the naming of the director. That case is also decided with this one.

 Deciding, as we do, that the commission has jurisdiction to entertain relators' appeals, it follows that mandamus is the appropriate remedy to compel a hearing and determination of them. Where an administrative body erroneously refuses to exercise the power and authority imposed by law, mandamus is the appropriate remedy to compel such a body to proceed and hear the case upon the merits. [United States ex rel., etc., v. Interstate Commerce Comm., 294 U. S. 50, 79 L. Ed. 752.]

The fact that the commission in this case has not completed its organization and is not equipped immediately to hold hearings and make decisions is not a sufficient ground for refusing the peremptory writ. Where a respondent lacks the means to comply immediately with relator's demand, that fact will not require a denial of the writ, for the court, in ordering it to issue, may allow the respondent reasonable time to comply with relator's demand. [State ex rel. Gwynn v. Citizens Tel. Co., 61 S. C. 83, 39 S. E. 257, 55 L. R. A. 139.]

There is no time limit prescribed in the amendment for taking or hearing appeals. That is evidently a matter to be covered by the rules to be drafted and adopted. Under probably a similar situation, the payment of wages during the two years and three months delay in a decision of the National Labor Relations Board was ordered to employees discriminated against. [Triplex Screw Co. v. National Labor Relation Bd., 117 Fed. (2d) 858.]

The alternative writ therefore must be modified and made peremptory, in modified form, commanding the commission to entertain jurisdiction of relators' respective appeals and within a reasonable time after the commission is prepared to do so, to hear and determine such appeals.

It is so ordered. All concur, except *Gantt, J.*, not sitting.