DANIEL N. KIRBY, LUTHER ELY SMITH, PAUL J. KAVENEY, Constituting and Composing the Civil Service Commission, and R. ELLIOTT SEARCE, Director of Personnel of the City of St. Louis, v. LOUIS NOLTE, Comptroller of the City of St. Louis; LOUIS NOLTE, Comptroller as Aforesaid, WILLIAM DEE BECKER, Mayor of the City of St. Louis, and MICHAEL J. HART, President of the Board of Aldermen of the City of St. Louis, as Members of and Constituting and Composing the Board of Estimate and Apportionment of Said City; WILLIAM DEE BECKER, Mayor of the City of St. Louis, and the CITY OF ST. LOUIS, Appellants.—No. 38661.— 173 S. W. (2d) 391.

Court en Banc, July 20, 1943.

526

*Joseph F. Holland,* City Counselor, *H. A. Hamilton* and *George L. Stemmler* for appellants.

*Charles P. Williams* for respondents.

DOUGLAS, J.—In 1941 the people of St. Louis voted to amend the city's charter. The general purpose of the amendment was to provide a form of civil service for city employees in the classified service designed so, as to insure employment and continuity of service on grounds of merit and fitness. The amendment has been before this court several [392] times through attacks on its constitutionality and on other grounds. See State ex inf. v. Kirby, 349 Mo. 988, 163 S. W. (2d) 990; Kirby v. Nolte, 349 Mo. 1015, 164 S. W. (2d) 1; State ex rel. v. Kirby, 349 Mo. 1010, 163 S. W. (2d) 964. We upheld its constitutionality in the case first mentioned.

The amendment created a civil service commission to set up and, to a limited extent, participate in the administration of the service. It provided for a director of personnel. One of his duties was to classify the various positions. The director prepared a classification and compensation plan which was approved and adopted by the commission. The plan, in the form of an ordinance, was then submitted and officially recommended to the mayor and board of alder-

men for adoption. The board amended the compensation plan by reducing the salaries provided for some of the positions, including the director's, and with these and other changes passed the ordinance. The mayor approved it.

The civil service commission in this suit for a declaratory judgment against the board of aldermen and the mayor seeks a ruling that the board of aldermen may not pass and the mayor may not approve any classification or compensation plans unless the same are recommended by the commission. The trial court made such a ruling. The board's appeal is concerned only with the compensation plan.

Section 4 of the Amendment is the pertinent provision. It provides:

"Ordinances to Provide Further for Giving Effect to this Article. The Mayor and Aldermen shall provide, by ordinance:

"(a) for adoption of a comprehensive compensation plan for the fixing of rates of pay of all employes in the classified service, and amendments thereto, on recommendation of the Civil Service Commission, and for it application and interpretation."

The meaning and effect of the words "on recommendation of the Civil Service Commission" is the controverted issue. Are they words of suggestion or are they mandatory? We hold the latter. Such construction does not render the amendment unconstitutional.

St. Louis is a city under a special charter as authorized by the Constitution. Article IX, Section 22 thereof directs its charter must provide, among other things, "for a chief executive and for a house or houses of legislation." Granting that the fixing of a fundamental wage policy and rates of pay for various positions is ordinarily a legislative function, still the people of St. Louis, through an amendment to the charter, may properly impose a limitation on the legislative power to permit the fixing of such rates only on the recommendation of the commission.

In Kansas City v. Mastin, 169 Mo. 80, 68 S. W. 1037, we consider Section 17 of Article IX in connection with the Charter of Kansas City. That section stated the charter should provide for two houses of legislation. The question was whether the creation of a board of park commissioners by the charter violated such section by providing a so-called "third house of legislation." We held it did not. We relied on Kansas City v. Bacon, 147 Mo. 259, 48 S. W. 860. We said: "It was entirely competent to require as a condition precedent, a prior recommendation of the park board. Such a provision confers no power on the board to legislate, but merely imposes a limitation upon the council. Until the council acts, no park can be established. . . . The city councils of said cities have not unlimited powers of legislation without regard to their charters, and it was never intended they should have."

We quoted the above with approval in Pash v. St. Joseph, 257 Mo. 332, 165 S. W. 710, construing an ordinance for the establishment of park districts on the recommendation of the park board. We held the language of the ordinance—"said board . . . shall recommend to the city"—to be "mandatory and must be obeyed by the . . . council."

In the St. Louis Charter the legislative power is expressly subject to the limitations contained in the charter. The charter provides: "The legislative power of the city, shall, subject to the limitations of this charter, be vested in a board of aldermen . . ." Art. IV, Sec. 1.

We hold that Article VIII, Section 7, which provides that the board of aldermen shall by ordinance fix, or provide the fixing of, salaries or compensation for city employees, is subject to the limitations imposed by the amendment. Accordingly, the board may not fix salaries without the recommendation of the commission.

There are a number of such limitations on the legislative power contained in the charter. Among them are the following: Article V, Section 26.

"The board of aldermen shall not have power . . . to acquire real estate by private purchase except by ordinance recommended by the board of public service."

Article XXII, Section 1:

"No ordinance for public work or improvements of any kind, or repairs thereof shall be adopted, unless prepared and recommended by the board of public service, with an estimate of the cost endorsed thereon."

Article IV, Section 25:

". . . No ordinance making, changing or transferring an appropriation or contemplating or involving the payment of any money, shall be adopted unless the board of estimate and apportionment shall have recommended or joined in recommending the same."

Article IV, Section 26:

"The board of aldermen shall not have power . . . to authorize the compromise of any disputed contractual demand, or any allowance on account thereof not provided for in the contract, except on recommendation of the board of estimate and apportionment."

We find eight other sections authorizing action when "recommended" by the authority indicated. The word recommend in this connection assumes its meaning to advise or counsel. Webster's New International Dictionary, 2 Ed. Exercise of power limited upon the advice of another is not uncommon.

The amendment does not violate Article III of the Constitution which divides the powers of government into the legislative, executive and judicial departments. This was decided in State ex inf. v. Kirby, 349 Mo. 988, 163 S. W. (2d) 990, supra,

530

In that case we distinguish the case of State ex rel. Rothrum v. Darby, 345 Mo. 1002, 137 S. W. (2d) 532, and held its ruling was not applicable to the questions arising under a civil service plan.

So long as the people may change their charter of government by their own will, subject only to restrictions self-imposed under a constitution, it does not appear to us that their political liberty merits the apprehension expressed.

The judgment of the learned judge is affirmed. All concur except *Gantt, J.*, absent.