Dr. Frank P. GILMORE and Dr. Bernard Friedman, Plaintiffs-Respondents,

v.

Louis E. THOMPSON, Civil Service Commission of the City of St. Louis and Each Member Thereof Individually and as Members of the Civil Service Commission, Mrs. Richard M. Hoffman, Chairman, Walter C. Haeussler, Vice Chairman, and George L. Stemmler, Member, Defendants-Appellants.

No. 32489.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1967.

Motion for Rehearing or for Transfer to Supreme Court Denied March 17, 1967.

Schwartz, Schwartz & Gilden, Charles R. Oldham, St. Louis, for defendants-appellants.

Thomas F. McGuire, City Counselor, Gary M. Gaertner, Associate City Counselor, St. Louis, for plaintiffs-respondents.

ANDERSON, Judge.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis, which reversed a decision of the Civil Service Commission of said City.

The subject matter of the action is whether a bi-weekly paid employee of the City who had been granted sick leave with pay for injuries arising out of and in the course of his employment under Section 20 of Ordinance 50661 was entitled to an additional allowance for permanent partial disability.

The employee, Louis E. Thompson, was on August 2, 1963 employed by the City as a Custodial Worker I. The position of "Custodial Worker I" is listed in said ordinance as a bi-weekly employee entitled to benefits under the ordinance.

Thompson was employed at Koch Hospital, a City institution, on August 2, 1963. He was injured on that date while in the act of pushing an ice truck down a ramp at said hospital. While pushing the truck, a patient suddenly emerged from an adjacent Physical Therapy room in close proximity to the ice truck, and while attemping to prevent the truck from striking this patient, Thompson lost control and was thrown

against the wall and onto the floor. As a result of this episode, Thompson sustained injuries to his right and left leg. He was immediately thereafter treated by a doctor at the hospital, and told to report back to work. This he did, and worked until August 26, 1963. On that date he entered the City Hospital where he remained until September 6, 1963. At the hospital, surgery was performed on his right leg, and a cast put on it. This cast remained on his leg until about two weeks before he returned to work. He returned to work on December 11, 1963. He testified at the hearing that after returning to work, "Well, I work in the basement at the hospital, * * I can't do any lifting * * the only thing I can do mostly is sweep around the basement, and things like that." His position after returning to work was the same as he previously held under Civil Service, i. e., Custodial Worker I.

It was stipulated between the parties that the accident which caused Thompson's injuries arose out of and in the course of his employment; that he was absent from his employment from August 26, 1963 through December 10, 1963, and that he has been paid his full wages on the basis of 15 weeks disability, totaling $912.18. It was further stipulated that two physicians who had examined the employee reported that he had a certain degree of permanent partial disability. The treatment which Thompson received at Koch Hospital and at the City Hospital were without cost to him.

At the conclusion of the hearing at which the above stipulations were entered into, and the evidence which we have detailed was adduced, the members of the Commission adopted an opinion of Mr. Stemmler, one of its members, in which the following conclusion was reached:

"* * * it is my conclusion that, in the case of an employee sustaining permanent partial disability as the result of a service-connected injury, the 'grant' or 'allowance' to the employee is not limited to the payment of his wages during the period that he is actually away from his work, but that the employee is entitled to such grant or allowance as the City Counselor, in the exercise of a sound discretion, may determine, having due regard for the nature, character and extent of the injury and consequent permanent disability.

"In arriving at such determination, the City Counselor cannot be held to be rigidly bound by the provisions of the Workmen's Compensation Law, but, as has already been recognized by the City Counselor in certain instances, these provisions furnish a useful and reasonable guide in arriving at his determination.

"In making his former recommendation, the City Counselor did so on the basis that, even though the employee sustained a certain extent of permanent disability, he was limited, under the ordinance, to payment of his wages while he was actually away from work.

"There has, therefore, been no recommendation by the City Counselor under the construction of the ordinance as set out in my views hereinabove expressed.

"It is my opinion, therefore, that the matter should be referred back to the City Counselor for his recommendation under the construction of the ordinance as set out herein."

After the rendition of Mr. Stemmler's opinion, the Commission directed a letter to Mr. Gary Gaertner, the Assistant City Counselor, in which the claim of Louis E. Thompson was referred to the City Counselor for his recommendations under the ordinance consistent with the above mentioned opinion.

On March 16, 1965, the City Counselor notified the Commission, in a letter of that date, that he declined to submit a recommendation for additional compensation to said employee. The reasons for such refusal are stated in said letter as follows:

"The City Counselor respectfully declines to submit a recommendation for

additional compensation in this matter. This office is required under the above-mentioned law and the present compensation ordinance to 'recommend in writing to the appointing authority the amount of disability leave with pay to be granted for such injury * * *.' This requirement has been fulfilled in the matter of Louis Thompson. The express language of Section 20 does not require nor does it permit the granting of any additional compensation."

Thereafter additional evidence was introduced. The City introduced a medical report of Dr. Burton A. Shatz in which he stated that Mr. Thompson had permanent disability of 15 percent. The employee introduced a medical report by Dr. William Stephens in which he stated that Louis E. Thompson had a permanent partial disability of the right lower extremity at the mid thigh of about 30 percent.

Thereafter on June 8, 1965, the Civil Service Commission rendered its Statement, Findings of Fact, Conclusion of Law and decision wherein Louis E. Thompson was granted the sum of $1,647.72 being based upon a finding of twenty percent loss of the use of the right leg. This sum was arrived at by allowing $39.80 per week for 41.4 weeks. This award was arrived at by using as a guide the method employed under the Workmen's Compensation Law in determining permanent partial disability. This award was specified to be in addition to the payments to said employee of sick leave benefits while he was away from his duties on account of his injury and disability, and was conditioned upon said employee executing a full release on account of his injury and disability. The decision was by a majority of the Commission, there being one dissent.

From the above mentioned decision, there was an appeal by employee's appointing authority to the Circuit Court. The Circuit Court reversed the order of the Civil Service Commission. From this judgment, Louis Thompson, the Commission and the members thereof appealed to this Court.

Appellants contend that the trial court erred in reversing the decision of the Civil Service Commission. In support of this contention, it is urged that the trial court erroneously substituted its discretion for that vested by law in the Civil Service Commission.

It seems to be appellants' theory that since the ordinance in question was recommended by the Civil Service Commission pursuant to Article XVIII, Section 4 of the City Charter, and that under the decisions (Kirby et al., v. Nolte, et al., 351 Mo. 525, 173 S.W.2d 391; Abernathy v. City of St. Louis, Mo., 313 S.W.2d 717) changes cannot be made therein except upon the recommendation of the Commission, any interpretation of the meaning and breadth of Section 20 of said ordinance must stand if it can be reasonably supported; and that the Commission's interpretation was in fact reasonable under a liberal interpretation of it in connection with other provisions of said ordinance.

It is also urged that the award under the ordinance, as construed by the Commission, is supported by competent and substantial evidence upon the whole record.

█ It has been held many times that in reviewing a decision of an administrative tribunal, an appellate court is not bound by said tribunal's interpretation of a statute involved in the proceedings. In other words, there is no discretion lodged in the administrative body that in any way restricts or limits the right and duty of the court to interpret the law applicable to the case before it. Kroger Co. v. Industrial Commission of Mo., Mo.App., 314 S.W.2d 250; Horrell v. Chase Hotel, Mo.App., 174 S.W.2d 881; Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77. The question then before this Court is whether under the terms of the

Civil Service Ordinance claimant is entitled to an award for permanent partial disability in addition to the disability leave with pay theretofore granted to him.

In the case at bar the employee's right to benefits is governed by Section 20 of Ordinance 50661, the material part being as follows:

"Any bi-weekly paid employee who shall suffer personal injury or unusual sickness arising out of and in the regular course of his employment while engaged in, on or about the premises where his duties are being performed or where his presence is required as a part of his service shall report such injury or sickness to his immediate superior who shall in turn report, through proper channels, to the City Counselor and Department of Personnel all facts concerning the incident. The appointing authority shall provide such written information and recommendations as may be requested by the City Counselor. The City Counselor or his designated representative shall, upon his determination that such personal injury or unusual sickness arose in such manner, recommend in writing to the appointing authority the amount of disability leave with pay to be granted for such injury or unusual illness and the appointing authority shall grant the amount recommended by the City Counselor."

Appellants urge that by providing in paragraph one of Section 20 for sick leave benefits for employees suffering disability not arising out of and in the course of employment merely upon the approval of the appointing authority without approval of the City Counselor who is qualified to make a quasi judicial decision the authors of the ordinance in question must be held to have intended that a claim such as Thompson's would encompass a grant for permanent partial disability in addition to pay for lost time from work; that a liberal construction of the ordinance compels this view.

In our opinion, there is no merit to this view, whether the terms of the act are given a liberal or strict construction. We cannot read words into the act under any theory of construction. All that the ordinance provides in cases such as the one before us is disability leave with full pay. This was granted by the City Counselor. In our judgment, the Commission in allowing an additional sum for permanent partial disability exceeded its authority.

Nor does the fact that it has been the practice of the Commission to use the provisions of the Workmen's Compensation Law as a guide in determining the amount of sick leave where the claimant fails to return to work alter our views in this matter. The claimant in the case at bar did return to work and his rights are to be determined under that portion of Section 20 which we have set out in this opinion.

The judgment of the Circuit Court is affirmed.

WOLFE, P. J., and RUDDY, J., concur.