William M. SOWDER, Appellant,

v.

BOARD OF POLICE COMMISSIONERS
and John D. McNamara, Respondents.

No. KCD 28408.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

526 ■■■

J. Martin Kerr, Tittle & Kerr, Independence, for appellant.

Manfred Maier, Kansas City, Kansas City Police Dept., for respondents.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

Appellant police officer Sowder was suspended without pay for sixty days by the Board of Police Commissioners for Kansas City, Missouri, for use of unnecessary force against citizen Rose Mary Neal and for his false oath that Wilbur Neal had refused the breathalyzer after request and warning of consequences, when—in fact—none was made or given.

The charges against Sowder resulted from conduct during a routine surveillance when Sowder, in the company of a fellow officer, undertook to question the occupants of an automobile, including Wilbur Neal. An argument developed during the interrogation and Sowder struck Neal to the ground. Mrs. Neal came to the defense of her husband and was herself struck by Sowder. Thereafter, appellant Sowder prepared and executed documents that Neal was in control of an automobile while intoxicated and refused to submit to the breathalyzer.

Three separate actions followed from these events: The Chief of Police imposed a sixty day suspension discipline on Sowder under § 84.500; the Board brought charges and specifications under § 84.600; and the Neals brought citizens complaints to the Board under § 84.430.

In due course Sowder appealed the Police Chief suspension order to the Board under § 84.610 and so, as convened, the Board had for determination this review procedure, its own citation against Sowder and the complaint brought by the Neals. At the conclusion of the evidence, the Board found that Sowder had used unnecessary force by striking Rose Mary Neal in the face with his fist and that he had sworn a false affidavit that Wilbur Neal had refused a breathalyzer after warning and request.

The Board concluded that his conduct violated specified Rules of Conduct as well as the Code of Ethics of the Kansas City Police Department. The decision of the Board to suspend Sowder for sixty days without pay in effect coincided with the discipline imposed upon the officer by the Chief of Police in the first instance.

The appellant brought his petition for review to the circuit court under § 536.100. That court rejected the contentions made— that Sowder had been denied due process before the Chief of Police and the Board and that the decision of the Board was without support of substantial evidence— and affirmed the decision of the Board. The appellant asserts these same grounds on this appeal.

■ Our review of a decision by a city board of police commissioners is limited by § 536.140 to a determination of whether that action is unsupported by substantial evidence, violates provision of constitution or law, is otherwise arbitrary or an abuse of discretion. *Johnson v. Priest,* 398 S.W.2d 33, 35[1, 2] (Mo.App.1965).

This principle of administrative review quickly dispenses the contention that the findings that Sowder used unreasonable force upon Mrs. Neal and swore falsely that Mr. Neal had refused the breathalyzer were without support in substantial evidence or otherwise an unreasonable determination.

■ As to the first of these findings: Mrs. Neal testified she saw two males [Officers Sowder and Mathis dressed in mufti] in conversation with her husband as he sat in a parked car, and that when she asked what was happening, Sowder ordered her to shut up and get away. She began to argue with Sowder—and he first grappled her husband and threw him against the car, then gripped her around the neck and beat upon her face, so that she cried and screamed. Mrs. Neal held fast to Sowder to keep from falling, and the officer struck her at her back with his pistol. This description of the events was fully corroborated by six witnesses at the scene. The testimony of Officer Sow-

der, confirmed by his partner Mathis, was that he acted in self-defense against Mrs. Neal and struck her only once with less than a full impact of his fist. On this countervailing evidence the Board could have reasonably made the finding actually concluded and a court of review is bound by that determination of fact. *Schrewe v. Sanders*, 498 S.W.2d 775, 780[7, 8] (Mo. 1973).

■ As to the second of these findings: There was evidence that Mr. Neal was taken to a hospital for treatment of the injuries he suffered from the encounter, while Officer Sowder proceeded to Police Headquarters to complete his reports. From there he telephoned Officer Ludwig on duty at the hospital to learn if Ludwig had offered Neal the breathalyzer test. Ludwig replied that Neal had refused the test, and on the basis of that information, Sowder completed and signed the Breathalyzer Refusal Form. [That document recites—in conformance with § 564.444—that the officer whose signature subscribes the report swears on his oath that he asked the person arrested to take a breathalyzer test and warned of the consequences of refusal and that he refused.]

The appellant Sowder does not dispute that he completed the form without prior personal inquiry of Neal, contrary to the attestation of his signature, but argues rather that the form was not an affidavit, and so the finding of the Board was invalid. It may be conceded, for argument, that the *sworn report* of the officer for submission to the Director of Revenue which preconditions revocation does not require a jurat, and so does not rise to an essential affidavit. 3 Am.Jur.2d Affidavits, §§ 12 and 16. Sowder does not dispute that the gist of the charge laid against him was that he swore to a false statement. That the Board cast its finding in terms of the colloquial *affidavit* rather than the literal statute does not impair the force of the undisputed proof that Sowder swore falsely and so breached his duty under the law.

■ The appellant Sowder next iterates the contention that the findings of fact were not inferable from the evidence, but this time claims the error as an abuse of discretion which requires the decision of the Board to be set aside under § 536.140.2(7). What we have already said on that issue, now presented in a different guise, suffices as answer. Sowder contends yet another abuse of discretion: the conclusion of law entered by the Board that, notwithstanding departmental order for an advisory board, the law [§ 84.500] places on the Chief of Police sole responsibility for discipline, so his failure to consult before the decision to punish Sowder was not unlawful. The conclusions of law reached by an administrative agency do not rest on discretion but on the application of valid juridical precepts to the facts of the proceeding. There is no discretion which binds a court to conclusions of the tribunal which misconceive the law. *Gilmore v. Thompson*, 413 S.W.2d 20, 22[1] (Mo.App.1967). The conclusion reached by the Board that the Chief of Police is solely responsible for the discipline of police officers, however, comports with the clear meaning of § 84.500.

We defer response to one aspect of this general contention—that the Board abused a discretion by the order which consolidated the three procedures against Sowder—since that point recurs in another context.

The other broad complaint asserts that Sowder was denied due process of law in the disciplinary action taken against him. He cites three particulars. He objects to procedures followed by the Chief of Police on the citizens complaints, the consolidation of his appeal with the Neal complaints, and the participation of Manfred Maier as an attorney for the Board.

■ The arguments on these points assume that the procedures which culminated in the discipline enjoyed the protection of constitutional due process. The scheme of the statute does not support that conclusion nor do general principles of law. The commission of a police officer—revocable for cause at any time [§ 84.600]—does not create a property interest in that status but does give rise to emoluments which are

entitled to the protection of the statutes. *Heidebur v. Parker,* 505 S.W.2d 440, 444[3–5] (Mo.App.1974). Thus, our proper inquiry goes not to adherence to constitutional due process, but whether the procedure which disciplined Sowder conformed to statutory requirements for a fair hearing. *McCallister v. Priest,* 422 S.W.2d 650, 656[3] (Mo. banc 1968); *Milani v. Miller,* 515 S.W.2d 412, 420 (Mo.1974).

The procedures for discipline of a police officer require that: The police board hear all complaints or charges filed against any member of the police department. § 84.430. An officer who completes the six-month period of probation may be removed only for cause. § 84.600. The officer is entitled to notice within forty-eight hours of a charge or complaint against him and has the right to a public hearing, to be confronted by witnesses and to defense by counsel. § 84.600. The police chief may suspend an officer [as done here] provided report of such action is made to the Board. § 84.500. An officer so affected has the right of review by the Board at a public hearing. § 84.610. All these courses were faithfully followed. The deficiencies which the appellant sees relate to other procedures.

 The first claim is that the Chief of Police neglected to investigate the citizens complaints in the essential manner prescribed by departmental order. The procedures followed at the departmental level are not directly for judicial review. The very purpose of the hearing before the Board [in effect *de novo*] was to review the departmental discipline. The jurisdiction of a court under § 536.100 goes to determine the validity and fairness of the proceedings of the *administrative tribunal* [the Board] which conducted the hearing, received the evidence, found the facts, and made the decision. The complaint on this point is not for review. Even taken on its own terms the contention fails because Sowder offered no evidence at the Board hearing as to the investigatory improprieties by the Chief of Police.

 The second contention of procedural irregularity attacks the decision by Chairman Ilus Davis to consolidate the three proceedings before the Board because of identity of subject matter and proof. The intention of the Board to consolidate was suggested to the parties at the outset of the litigations and the objection made by Sowder then was not to any irregularity of procedure but that the citizens complaints had not been properly investigated by the Chief of Police. He claimed no procedural prejudice. He now argues that the hearing of the citizens complaints—which sought his dismissal—chilled his right to a fair hearing on his appeal from the discipline of the Chief of Police and prevented the effective impeachment of complainants Neal who became parties, and so could not be excluded from the hearings as witnesses. We note, first of all, that Sowder for some reason does not complain of the joinder of the original disciplinary citation of the Board with the Neal citizens actions, but only that his appeal was so joined, although the sanctions are not different. The procedure adopted by the Board was neither inherently prejudicial nor otherwise unfair. In the absence of objection at the hearing or a show of prejudice on review, the consolidation did not deprive Sowder of the fair hearing intended by § 84.610 and § 536.140.-2(5).

The final claim of procedural impropriety contends that Manfred Maier, attorney for the Kansas City Police Department—who appeared at the hearing for the Board—had earlier advised Sowder on those events and so represented conflicting interests. This suggestion of unethical conduct is barren of any substance, was without even a tender of proof, and we dismiss it.

What appears from the record is merely a comment by counsel for Sowder, late in the proceedings, that Mr. Maier as attorney for the Police Department had earlier advised Sowder at a deposition as a witness for the city. The cause was not identified, but presumably related to the events which brought on the disciplinary citations. What may be surmised from the disjointed colloquy which follows is, rather, that when

Sowder presented himself for the deposition, a Mr. Renfro [a city attorney?] and Mr. Maier were in attendance. On two occasions Mr. Maier objected to questions put to witness Sowder until he was challenged for his participation, and thereafter Mr. Renfro took up the task.

▪ An attorney is by that office disqualified from representation of interests which are hostile, adverse and in conflict with each other. 7 C.J.S. Attorney and Client § 47. The practice demeans the administration of justice and so results in disqualification regardless of the good faith or honest motive intended by the attorney. *State v. Burns*, 322 S.W.2d 736, 742 (Mo. 1959). A parity of principle disqualifies a city attorney from acting against an accused from whom—by reason of professional relation—he has acquired a knowledge of facts on which the prosecution rests. *State v. Howard*, 118 Mo. 127, 24 S.W. 41, 43 (1893); Annotation: Prosecutor—Disqualification, 31 A.L.R.3d 953, 957 et seq. An adjudication which rests on an error so grievous affects the public interest and may be nullified on the notice of the court alone. *State v. Burns, supra*, l.c. 741.

▪ A distinction is to be made, however, between a nominal employment and a lawyer who fully enters into and obtains the confidence and secrets of his client, and then uses that information to detrimental effect. *State v. Howard, supra*, l.c. 43; 7 Am.Jur.2d Attorneys at Law, § 158. In these terms the record speaks[1] of a relationship so nominal that at the deposition Sowder was represented by another attorney and Mr. Maier was not even authorized to object to the interrogation. There was no employment of counsel shown, either as a private matter or as a benefit which accrued to Sowder under the law. Nor is there evidence, the absence of an attorney-client relationship notwithstanding, that Mr. Maier by virtue of his public office obtained private information from Sowder and then used it to his prejudice before the Board.

The procedure before the Board was with all the process the statutes required and so was lawful. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 2080[9, 10], 48 L.Ed.2d 684 (1976).

The judgment is affirmed.

All concur.

---

1. The appellant Sowder filed with the circuit court on review of the adverse decision of the Board a number of self-serving declarations in the form of an affidavit which asserted the passing of confidences between Sowder to Maier and the rendition of advice in return—that is to say—the establishment of an attorney-client relationship between them as to the pending municipal actions against the Neals on the citations issued by Sowder. No such evidence was offered to the Board. The circuit court properly rejected the tender as do we. The courts on review of administrative decisions do not find the facts de novo. § 536.130; Article 5, § 22 Constitution of Missouri 1945.