Edna ABERNATHY et al., Appellants,

v.

CITY OF ST. LOUIS, a Municipal Corporation, et al., Respondents.

No. 46431.

Supreme Court of Missouri,

Division No. 1.

June 9, 1958.

Charles R. Oldham, Fred M. Nelson, St. Louis, for appellants.

James V. Frank, City Counselor, Eugene P. Freeman, Associate City Counselor, St. Louis, for respondents.

WESTHUES, Judge.

This is a class action brought by Edna Abernathy and others for themselves and others similarly situated as Civil Service Employees for the collection of wages due for alleged overtime work performed in the course of their employment. The claim was based on an ordinance (No. 47744) enacted by the Board of Aldermen of the City of St. Louis wherein it was provided

that "Forty (40) hours shall constitute the average maximum weekly hours of service in an employment cycle under regular full time employment for all City employees, * * *." The ordinance also provided that "All hours worked by such employees in excess thereof shall be considered overtime."

One of defendants' contentions is that the ordinance is void for the reason that its enactment had not been recommended by the City's Civil Service Commission. The trial court entered a judgment for plaintiffs but sustained a motion for new trial. Plaintiffs appealed to this court. The amount in dispute is in excess of $7,500, hence appellate jurisdiction is in this court.

We are of the opinion that defendants' contention above-mentioned must be sustained. The ordinance in question was passed by the Board of Aldermen on February 3, 1956, over the veto of the Mayor of the City. The ordinance provided that it should take effect and be in force April 1, 1956. It was alleged in the petition that various groups of employees had worked more than 40 hours per week from April 1, 1956, to June 26, 1956. This fact was admitted. It was also admitted that the City's Civil Service Commission had not recommended the enactment of the ordinance.

Article XVIII of the Charter provides for a comprehensive civil service system for employees of the various departments of the City government. Section 2 of the Article states the following:

"Sec. 2. Purpose and basic requirements of article.—It is the purpose of this article to provide a modern and comprehensive system of personnel administration for the city, whereby economy and effectiveness in the personal services rendered to the city, and fairness and equity to the employes and the taxpayers of the city, alike, may be promoted. To accomplish this end the provisions of this article shall be liberally construed. * * *"

Section 6 provides for the appointment of a civil service commission consisting of three members and prescribes the qualifications and terms of office of said commission members.

Section 7 enumerates the duties and powers of the commission and reads in part as follows:

"The commission shall have power, and it shall be its duty:

* * * * * *

"(b) Ordinances.—To recommend to the mayor and aldermen in accordance with this article, ordinances to provide for:

* * * * * *

"(3) regulation of hours of duty, holidays, attendance and absence;

"(4) such other matters within the scope of this article as require action by the mayor and aldermen;

"(5) such changes in any such matters from time to time as may be deemed to be warranted."

Section 4 of the Charter reads, in part, as follows:

"Sec. 4.—Ordinances to be enacted.— The mayor and aldermen shall provide, by ordinance:

"(a) Compensation plan.—For adoption of a comprehensive compensation plan for the fixing of rates of pay of all employes in the classified service, and amendments thereto, *on recommendation of the civil service commission,* and for its application and interpretation. Every appropriation and expenditure for personal services in any position in the classified service thereafter shall be made in accordance with the compensation plan so adopted and not otherwise." (Emphasis supplied.)

We are of the opinion that the people of the City of St. Louis, by adoption of Article XVIII of the City Charter, intended to establish a comprehensive civil service system; that the establishment of

this system should be the work of a commission specially appointed for the purpose of proposing a plan and after the system was established, the provisions governing the same should not be changed except on the recommendation of the commission. Amendments or changes should be made only after a careful consideration by the commission. To permit the Board of Aldermen to change or amend provisions of the ordinances pertaining to the civil service without the recommendation of the commission would destroy the underlying purpose of Article XVIII, supra.

Note that Section 7, supra, places upon the commission the duty to recommend to the Mayor and Aldermen ordinances to provide for "(3) regulation of hours of duty, holidays, attendance and absence;" and for "(5) such changes in any such matters from time to time as may be deemed to be warranted." Then, notice the wording of Section 4 of Article XVIII wherein it is provided that "The mayor and aldermen shall provide, by ordinance * * * on recommendation of the civil service commission, * * * (c) * * * For regulating hours of duty, holidays, attendance and absence, in the classified service." We, therefore, conclude that Ordinance No. 47744, upon which plaintiffs based their claim, is void for the reason that it had not been, before its passage, recommended by the Civil Service Commission. This court en banc so ruled in the case of Kirby v. Nolte, 351 Mo. 525, 173 S.W.2d 391. In that case, the court held that the authority of the Board of Aldermen to enact ordinances had been curtailed by the provisions of the Charter; that its power to legislate on a number of subjects had been withheld except on recommendation of certain boards created by the Charter. As said supra, to permit the Board of Aldermen to enact ordinances on this subject matter without the recommendation of the Civil Service Commission would defeat the very purpose of Article XVIII of the Charter.

Appellants, in their brief, say that "c. Limitations on the legislative powers of State and City Legislative bodies must be strictly construed in favor of the power of the legislature. State v. Wilson, 1915, 265 Mo. 1, 175 S.W. 603; Brown v. Morris, 1956, 365 Mo. 946, 290 S.W.2d 166 [160], loc. cit. 167."

We have no quarrel to find with that rule. But, in our opinion, the limitations as expressed in Article XVIII of the Charter, which we have considered, seem clear to us. The general rule governing the interpretation and construction of charter provisions is that all parts thereof should be construed together. Fleming v. Moore Brothers Realty Co., 363 Mo. 305, 251 S.W. 2d 8, loc. cit. 15(6, 7); 62 C.J.S. Municipal Corporations § 711, p. 1438.

Our conclusion is that Ordinance No. 47744, involved herein, is void. The trial court granted a new trial on grounds numbered 14, 15, and 16 of the motion. In general, these assignments were that defendants' motion to dismiss filed at the close of the case should have been sustained because plaintiffs failed to prove a claim upon which relief could be granted; that plaintiffs failed to exhaust their administrative remedy available under Section 7 (d) of Article XVIII of the Charter; further, that the evidence failed to show or prove that plaintiffs were entitled to any declaration of law or any relief. There was no definite ruling by the trial court to the effect that the ordinance was void. Since we have so ruled, it is obvious that in no event can plaintiffs maintain an action based on the ordinance.

We rule that the order of the trial court sustaining the motion for new trial is hereby sustained and the cause remanded with directions to dismiss plaintiffs' petition with prejudice.

It is so ordered.

All concur.