William **TRANTINA**, Plaintiff-Respondent,

v.

**BOARD OF TRUSTEES OF the FIRE-MEN'S RETIREMENT SYSTEM OF ST. LOUIS et al., Defendants-Appellants.**

**No. 34986.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 30, 1973.

Motion for Rehearing or Transfer Denied
Dec. 7, 1973.

Application to Transfer Denied Jan. 14, 1974.

Robert C. McNicholas, City Counselor, Eugene P. Freeman, Deputy City Counselor, William Kornfein, St. Louis, for defendants-appellants.

Sestric, Sestric, Sweet & McGhee, Anthony J. Sestric, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendants-Appellants appeal from the judgment of the Circuit Court which, on review of a decision of an administrative agency, reversed a decision of the Board of Trustees of the Firemen's Retirement System of St. Louis concerning the method used in computing retirement benefits for

the plaintiff-respondent fireman under St. Louis Ordinance No. 55177 and finding the ordinance null and void. The critical issues presented for determination are: 1) whether §§ 87.120 through 87.370 RSMo 1959, V.A.M.S., as amended, providing for the establishment of the St. Louis Firemen's pension plan, are preemptory, and 2) if not, is a municipal ordinance adopted pursuant to enabling legislation and effecting a pension plan either voided or automatically amended upon the amendment of a section of the enabling legislation.

We find the enabling legislation to be permissive, and the ordinance neither void nor automatically amended by an amendment to the enabling legislation. We reverse the judgment.

The pertinent facts as submitted by stipulation are that plaintiff served as a member of the St. Louis Fire Department for twenty-nine and one-half years, until April, 1966, at which time he was granted a leave of absence and was thereafter no longer an active fireman but served in another capacity in St. Louis City government. In August, 1971, when plaintiff had reached the compulsory retirement age of sixty-five, he made application to the Board of Trustees of the Firemen's Retirement System of St. Louis for pension benefits. The application was approved. However, the Board computed plaintiff's benefits based on the provisions of St. Louis City Ordinance No. 55177 adopted in November, 1968, pursuant to the enabling legislation of §§ 87.120 through 87.370 RSMo 1959, V.A.M.S., and its amendments effective through 1967. Ordinance No. 55177 based the formula for computing benefits on § 87.175 RSMo, Supp.1967, rather than on the formula as

contained in the last amendment to § 87.175 in 1969. The benefits so computed provided for a monthly pension of $347.66. Plaintiff contends that his benefits should have been computed according to the provisions of § 87.175 RSMo, as last amended in 1969 by the passage of House Bill No. 501;[1] that if so computed plaintiff's pension benefits would be $526.13 per month.

The Firemen's Retirement System of the City of St. Louis is the firemen's pension plan which was created by Chapter 335 of the Revised Code of the City of St. Louis under the enabling authority of §§ 87.120 through 87.370, RSMo 1959, V.A.M.S.

From time to time the legislature amended § 87.175,[2] which sets forth the formula for computing pension benefits to provide for increased benefits. And from time to time the Board of Aldermen of the City of St. Louis would subsequently amend Section 335.230 of its Code of Ordinances to incorporate within the code the increases of pension benefits authorized by the Missouri Legislature. In November, 1968, the St. Louis Board of Aldermen adopted Ordinance No. 55177, which incorporated the provisions of § 87.175 which had been amended by the legislature in 1967 and which provided for the $347.66 formula applicable to plaintiff. In 1969, the legislature once again amended § 87.175 by House Bill 501, which provided for a formula which would permit a $526.13 monthly benefit to plaintiff, but no increase by legislation was enacted by the City of St. Louis.

Plaintiff argues that Ordinance No. 55177 was superseded by the act of legislature by the enactment of House Bill 501; that since Ordinance No. 55177 was incon-

---

1. Collateral to the main issues is that in 1969 at the 75th Missouri General Assembly, Section 87.175 was amended twice—by House Bill No. 288 on June 11, 1969, and signed by the governor on June 27, 1969, and by House Bill No. 501 on June 24, 1969, signed by the governor on August 25, 1969. We agree with both parties that House Bill No. 501 would take precedence over House Bill 288

as the latest expression of the legislature on the subject matter. Bullington v. State, 459 S.W.2d 334, 339 (Mo.1970).

2. Since the commencement of this litigation, § 87.175 has again been amended by subsequent sessions of the General Assembly, the latest being Act 169 of the 77th General Assembly, First Regular Session, 1973.

sistent with House Bill 501, the ordinance was void and with House Bill 501 being the only prescribed formula for computation of benefits, it must apply.

We first look to the enabling act which provides and permits the City of St. Louis to establish a firemen's pension system. § 87.125 RSMo provides:

"Any city in this state that now has or may hereafter have seven hundred thousand inhabitants or more and that has an organized fire department *is hereby authorized,* subject to the provisions of sections 87.120 to 87.370, to provide by ordinance for the pensioning of members of any such organized fire department and of the dependents of deceased members thereof and to take from its municipal revenue a fund for such purpose. The fund shall be under the management of a board of trustees herein described and shall be known as 'The Firemen's Retirement System of . . . . .' and by such name all of its business shall be transacted, all of its funds invested and all of its cash and securities and other property held." (Emphasis added.)

■ We interpret the statute in question by giving its words their plain and ordinary meaning unless the contrary is clearly apparent. State v. Brady, 472 S.W.2d 356 (Mo.1971); Hasekamp v. Superior Equipment Company, Inc., 490 S.W.2d 385 (Mo. App.1973).

Clearly, the words "is hereby authorized" are words of permission to the City allowing it to establish a firemen's pension system. In Dickensheet v. Chouteau Mining Co., 200 Mo.App. 150, 202 S.W. 624 (1918) the court found that the word "authorized" was generally a word of permission and discretion; that an ordinance authorizing a city to own and operate a utili-

ty would not be mandatory but merely the giving of the right or permission to act within the city's discretion.[3]

The distinction between a mandatory requirement for a pension system and one which is permissive in nature is readily apparent when comparison is made between the enabling legislation for a firemen's pension system and the St. Louis Police Pension System established by §§ 86.200 through 86.363 RSMo 1969, V.A.M.S. § 86.203 provides:

"In all cities of this state that now have or may hereafter attain a population of seven hundred thousand inhabitants or more, *there are hereby created and established retirement systems* as alternative systems to those which have been established under the provisions of sections 86.010 to 86.193. Each such system shall be under the management of a board of trustees hereinafter described and shall be known as 'The Alternative Police Retirement System of (name of city)' and by such name all of its business shall be transacted, all of its funds invested and all of its cash and securities and other property held. *The retirement systems so created shall begin operation as of the first day of October, 1957."* (Emphasis added.)

The mandate to establish a police pension plan is unequivocal. Equally explicit is that under § 87.125 the establishment of a firemen's pension plan is permissive, the statute merely enabling St. Louis to establish such a plan.

■■ The enabling legislation thus permits and authorizes the City of St. Louis to establish a firemen's pension plan; it prescribes no remedies or actions to be taken in the event the City elects not to put a firemen's pension plan in effect. There-

---

3. In Morgan v. Wilson, 450 P.2d 902 (Okl. 1969), the court held that a statutory provision *authorizing* a city to establish a police pension system did not mandatorily direct such a system to be enacted; that the word "authorized" was synonymous with empowered and therefore only permissive. We agree but distinguish where police officers are authorized to keep and preserve the peace; such duty is mandatory. See Dickensheet v. Chouteau Mining Co., *supra.*

fore, further basis exists for finding that the enabling act in this case (§ 87.120 et seq.) is not mandatory, for where there is no procedure prescribed in the event that the statute is not implemented, the statute is determined to be directory rather than mandatory. State ex rel. Ferro v. Oellermann, 458 S.W.2d 583 (Mo.App.1970); Conner v. Herd, 452 S.W.2d 272 (Mo.App. 1970). We conclude that the statute is permissive and it is therefore not obligatory for the City of St. Louis to enact implementing legislation, although it has done so in this instance by its enactment of Ordinance No. 55177, thereby establishing a firemen's pension plan for the City of St. Louis.

■■ The statute grants St. Louis authority to establish a pension plan, but in order to finally achieve such a plan, it is essential for the City to enact a supporting ordinance. The City may or may not elect to enact such an ordinance. If it does, it must comply with the provisions of the enabling statute which is in effect at the time the ordinance is adopted. Otherwise, the ordinance will be in conflict with the provisions of the statute and thereby void. State ex rel. Burnau v. Valley Park Fire Protection District of St. Louis County, 477 S.W.2d 734 (Mo. App.1972). But it is not incumbent upon the City under § 87.120 et seq., to enact any supportive ordinance, and if it does not do so, there is no pension plan. It is axiomatic that where enabling legislation is permissive, as we have determined in this case, the City need not take any action. The statute is the authority; but equally important is the adoption by the City of an ordinance as the rule for implementing and accomplishing the purpose of the statute. The ordinance is the mechanism by which the enabling statute takes effect. It is essential to the entire plan that the enabling statute be implemented by ordinance. Enabling legislation, standing alone, is inoperative.

■ In this case, only § 87.175 was repealed and amended. The enabling sections of the statute remain unchanged. The repeal of one section of an enabling act does not result in the repeal of the other sections. Atchison v. Retirement Board of Police Retirement System of Kansas City, 343 S, W.2d 25 (Mo.1960). The repeal and amendment of § 87.175 did not, therefore, void § 87.125 which authorized—vis-à-vis mandated—the City to enact its firemen's pension plan.

■ Plaintiff relies on the Atchison case as authority that an amendment of a statute by a subsequent act operates as if the amendment had been incorporated as part of the original statute. But the Atchison case restricts this proposition to any action taken after or subsequent to the statutory amendment. We agree that if the City were to amend its pension plan ordinance, it must do so in conformity with the extant enabling statutes. Such is not the case here, for the City is applying the standard under which it was empowered to effectuate a pension plan. Plaintiff, in effect, would give § 87.175 a retrospective application, which is contrary to the holding in Atchison. And there is no direction or command in the enabling legislation requiring retrospective application of its provisions upon the City.

The trial court and plaintiff cite and rely on State ex rel. Volker v. Carey, 345 Mo. 811, 136 S.W.2d 324, 325 (banc 1940), where it was said: "The rule follows: When the ordinances or charter provisions are or become in conflict with prior or subsequent state statutes, such ordinances or charter provisions are or become void and must yield to the higher law." The decision of the trial court was that Ordinance 55177 was in conflict with § 87.175, as amended in 1969; that the ordinance was therefore void and yielded to the amended section of the statute which provided for a formula increasing the pension benefits. We do not agree. Ordinance 55177 is consistent with the provisions of

the enabling act authorizing its enactment in 1968 and is not in conflict therewith. Since the ordinance is not in conflict with the statute authorizing its enactment, the ordinance will stand. City of Richmond Heights v. Shackelford, 446 S.W.2d 179 (Mo.App.1969). It is unimpaired by the amendment.

 To give effect to the trial court's conclusion that Ordinance No. 55177 was voided by the amendment of Section 87.175 would bring about a harsh and unreasonable result. We have determined that by the explicit language of § 87.125, the enabling act of a firemen's pension plan was permissive, and the City was not mandated to enact a pension plan. We have also noted that enabling legislation without complementary ordinance enactment renders the enabling legislation ineffective. Therefore, if the amendment of one section of an enabling act were to void the pension plan ordinance, the City of St. Louis would be left without a pension plan. Such would be an unjust, unrealistic and unreasonable consequence, contrary to the clear intent of the legislature which enacted a permissive rather than a mandatory statute. Such a construction is not favored by law. Hasekamp v. Superior Equipment Co., Inc., *supra*. It is manifest that the new guidelines enacted by the legislature for pension benefits were to act prospectively so that if the City decided to change its pension plan benefits, it would increase them in accordance with the new guidelines. Atchison v. Retirement Board of Police Retirement System of Kansas City, *supra*. Accordingly, we find that Ordinance No. 55177 was enacted pursuant to the permissive enabling legislation of §§ 87.120 through 87.370; that it is still effective and not affected by the amendment to § 87.175, for the enabling legislation pursuant to which Ordinance No. 55177 was enacted was not repealed by the amendment to § 87.175. However, if St. Louis were to amend Ordinance No. 55177 to change the pension benefits, it must do so in accord-

ance with the provisions of the statute in effect at the time of such ordinance amendment.

The judgment is reversed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.