Skipper R. HEDGES, Plaintiff-Appellant,

v.

DEPARTMENT OF SOCIAL SERVICES OF MISSOURI and Personnel Advisory Board of Missouri, Defendants-Respondents.

No. KCD 30395.

Missouri Court of Appeals, Western District.

June 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 1979.

Application to Transfer Denied Sept. 11, 1979.

David H. Dunlap, Campbell, Gilmore, Erickson, Cottingham, Morgan & Gibson, Kansas City, for plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Terry C. Allen, Asst. Atty. Gen., Donald Kammerer, Director, Division of Investigation, Dept. of Social Services, Jefferson City, for defendants-respondents.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

WASSERSTROM, Judge.

Plaintiff filed a petition in the circuit court for a review of his dismissal from employment by the Missouri Department of Social Services. The circuit court dismissed plaintiff's petition, and he appeals.

The cause was submitted on an agreed statement of facts. On October 1, 1976, plaintiff received a provisional appointment as an investigator for the Department of Social Services. On March 3, 1977, the De-

partment filed a request with the Personnel Advisory Board for an extension of plaintiff's probationary employment period for an additional six months, so that the probationary period would expire October 1, 1977, instead of April 1, 1977. That extension was granted in writing, but no notice of that extension was ever served upon plaintiff.

On April 7, 1977, the Director of the Division of Investigation of the Department of Social Services sent written notice to plaintiff that he was being suspended from employment for 20 days "pending an investigation of allegations arising out of your activities of last night." On April 14, 1977, the Director of the Department notified plaintiff that his employment was being terminated.

Plaintiff filed an appeal from each of those actions. However, on April 22, 1977, the Director and Secretary to the Personnel Advisory Board advised plaintiff's lawyer by letter that the personnel records showed that plaintiff was not a regular employee and therefore not entitled to appeal: "His original probationary period was extended until October 1, 1977, as a result of a request from James F. Walsh, Director, Department of Social Services, dated March 3, 1977. Under Chapter 36 RSMo only regular employees may appeal a suspension or dismissal to the Personnel Advisory Board. However, the complete file in this case will be presented to the Board at its May meeting for an official ruling on jurisdiction." The matter was presented at a meeting of the Board held May 18, 1977, and the Board declined jurisdiction for the reason stated in the letter of April 22.

The Point Relied On by plaintiff in connection with this appeal is that he was entitled to appeal to the Personnel Advisory Board because he had become a "regular employee" on April 14, 1977. Defendants, on the other hand, contend that plaintiff had no right to appeal because on that date plaintiff was still a "probationary employee." The question as to plaintiff's status therefore constitutes the controlling issue in this case.

The governing statutory provisions are contained in Chapter 36, RSMo 1978. Section 36.020(6) defines a "probationary employee" as one who is serving a probationary period of employment. Section 36.020(12) defines a "regular employee" as one who has successfully completed a probationary period. The meaning of "probationary period" is in turn defined by § 36.250.1. That section states that there shall be a minimum probationary period of not less than two months and a maximum of six months, provided that the appointing authority may request the extension of the probationary period up to a total of twelve months from the date of appointment.

Section 36.370 deals with suspensions and states that any regular employee suspended for more than three days may appeal under the provisions of § 36.390. Section 36.380 deals with dismissals and provides that any regular employee shall be entitled to receive written statement of the reason for dismissal and shall have a right to appeal to the Board under the provisions of § 36.390.

■ Putting together all of the provisions just summarized, it would seem clear that on April 14, 1977, plaintiff was still in a probationary status so far as the statutes are concerned and therefore would not be entitled to appeal the termination of his employment. However, plaintiff challenges that conclusion in reliance upon an administrative rule set forth in 1 Code of State Regulations 20–3.040(2): "When an extension has been approved by the director, the appointing authority shall notify the employee in writing of the extension and the reasons therefor." Plaintiff argues that he did not receive notice of the extension prior to the extension of his original probationary period, and that by allowing him to work beyond the probationary period the state automatically conferred upon him the status of a tenured "regular employee."

■ The greatest difficulty with that argument lies in its assumption that the requirement of notice of the extension is mandatory, so that a failure to give such notice renders the extension null and void. With respect to whether a statutory requirement (and by analogy a requirement created by administrative regulation) is mandatory or merely directory, the general rule has been stated frequently that when the statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed, whereas, if it merely requires certain things to be done and nowhere prescribes the results that shall follow if such things are not done, the statute is merely directory. *State ex rel. Dietrich v. Schade*, 167 S.W.2d 135 (Mo.App. 1943); *State ex rel. Ferro v. Oellermann*, 458 S.W.2d 583 (Mo.App.1970); *Trantina v. Board of Trustees of Fire. Retire. Sys.*, 503 S.W.2d 148 (Mo.App.1974); *Conner v. Herd*, 452 S.W.2d 272 (Mo.App.1970).

In the present case, no statute requires the notice in question, and even the regulation which is the only authority setting up the requirement specifies no penalty or consequence for nonnotification. Therefore, under the general rule stated above, the requirement here is only directory.

■ Moreover, in determining whether a requirement is mandatory or directory, the cases look at the effect of ruling one way or the other. *State ex rel. Hay v. Flynn*, 235 Mo.App. 1003, 147 S.W.2d 210 (1941); *Granite Bituminous Paving Co. v. McManus*, 144 Mo.App. 593, 129 S.W. 448 (1910). Here, the provision for an extension of a probationary period is beneficial for both the employee (who is thereby given a further opportunity to prove his qualifications for regular employment) and also to the state (which is thereby given an opportunity to further test a potential employee without having that aspirant frozen into place). More would be lost than gained by a declaration that the requirement of notice is mandatory as a condition of validity, and we therefore conclude that the requirement of notice should be treated as merely directory, at least unless the employee can show prejudice from not having received the notice.

■ Plaintiff asserts that prejudice does arise from the lack of notice in two ways. He theorizes, first, that if he had received

timely notice, then he would have known that his chances for permanent employment were at best risky and that he could then have quit voluntarily and thus have avoided a record of dismissal. This suggestion is purely hypothetical and carries no persuasion. The record contains no indication that plaintiff would have considered quitting or that he had any other opportunity for employment. Moreover, his suspension occurred a short seven days after the expiration of the original probationary period. Certainly upon that suspension he should have realized that his continued employment was at best risky and he could have then voluntarily quit if he had desired to do so, but no such action was taken by him.

Plaintiff argues as a second basis for prejudice that if he had been given timely notice he could have challenged the extension of the probationary period by court action. The short answer to this is that plaintiff did in fact institute a court action, but he has not at any time undertaken to show that the appointing authority did not have a proper basis upon which to be doubtful of plaintiff's ability and therefore for requesting an extension of the probationary period. Assuming that plaintiff had a right to judicial review of the grounds for extension, he could have and should have presented his contention to the circuit court in the present action.

The trial court found that: "I do not see that Mr. Hedges in any way was prejudiced by the delay in receiving notification that his status was not a permanent one." Plaintiff has failed to carry the burden of showing prejudice, and the quoted finding is entitled to affirmance under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Plaintiff has cited a number of authorities from other jurisdictions to support his claim that he had acquired tenured status. Each of those cases is distinguishable either because of difference in governing statutory provisions or because of factual differences, or both.

■ In the argument portion of plaintiff's brief, he also attempts to argue that the denial to him of a hearing violates constitutional due process. That argument will not be considered because it was not properly preserved either in the petition for review filed in the circuit court nor in the Points Relied Upon in the brief filed in this court.

Affirmed.

All concur.