Dear Mr. Lafser:
You have requested an opinion of this office on the following two questions:
 1. Does Regulation 10 CSR 50-2.030 of the Missouri Oil and Gas Council provide adequate time for public participation procedures to be completed and what consequences result if the State Geologist does not act upon a permit application within the 15-day time period prescribed by 10 CSR 50-2.030(9)?
 2. Does Chapter 259, RSMo 1978, provide adequate authority for the promulgation of regulations by the Missouri Oil Gas Council to prevent the movement of fluids into underground sources of drinking water?
We understand that the questions that you submitted were in response to a request by the Environmental Protection Agency for further clarification of matters contained in our Opinion Letter 63-82, and our Addendum to Opinion Letter No. 63-82. What follows is intended to supplement those two opinions. All statutory references are to the Revised Statutes of Missouri (RSMo 1978), unless otherwise indicated. All regulatory references are to the Code of State Regulations (CSR).
1. Missouri Oil and Gas Council Regulation 10 CSR 50-2.030
provides adequate time to complete public participation procedures. In addition, the 15-day time period prescribed in 10 CSR 50-2.030(9) for permit review by the State Geologist is a directory, not a mandatory, provision and the failure to act upon a permit application within the 15-day period does not result in automatic issuance of the permit.
Citation of Laws and Regulations
 10 CSR 50-2.030
 Hedges v. Department of Social Services, 585 S.W.2d 170 (Mo.App., W.D. 1979)
 Explanation of Authority
Two provisions in Regulation 10 CSR 50-2.030 govern the permit application procedures for injection wells. Paragraph 5 applies only to injection wells and requires the applicant for an injection well permit to publish notice of the proposed application in a newspaper of general circulation in the county in which the proposed injection well will be located. A 15-day written comment period follows the publication. If the State Geologist determines from the comments received that a significant degree of public interest is expressed, then he may order a public hearing to be held no sooner than 30 days after notice is given. If no public hearing is ordered, then the application will be processed without further delay.
Paragraph 9 of 10 CSR 50-2.030 applies to permit applications for all oil and gas wells, including injection wells. It provides that upon application the State Geologist shall review the application and within 15 days determine if the application is in proper form and it the requirements of the law and the regulations are met. If the State Geologist determines that the application is not in proper form, or that the laws or the regulations are not being met, he shall deny the permit.
The question raised by the Environmental Protection Agency concerns when the 15-day review period provided for in paragraph 9 begins. Reading paragraphs 5 and 9 of 10 CSR 50-2.030 together, we conclude that the 15-day review period in paragraph 9 is not triggered until the notice, comment, and public hearing requirements of paragraph 5 have been satisfied. Paragraph 9 requires the State Geologist to deny a permit if he determines that the application is not in proper form or that the requirements of the law or regulations have not been met. Therefore, any injection well application which has not satisfied the notice, comment, and public hearing requirements of paragraph 5 would have to be denied, because the requirements of a regulation have not been met. We interpret paragraph 9 to mean that the State Geologist has 15 days to issue or deny an injection well permit upon receipt of a completed application, i.e., one that has satisfied the notice, comment and public hearing requirements of paragraph 5. This construction ensures that no permit can be granted unless the public participation provisions have been completed and it also provides adequate time for review of the permit application by the State Geologist.
A question has also been raised as to whether the failure of the State Geologist to act upon a permit application within the 15-day period prescribed by 10 CSR 50-2.030(9) results in the automatic issuance of the permit. We conclude that it does not. In Hedges v.Department of Social Services, 585 S.W.2d 170 (Mo.App., W.D. 1979), the plaintiff sought an appeal to the Personnel Advisory Board in regard to his termination as an investigator for the Missouri Department of Social Services. His right to appeal depended upon his employment status, i.e., "regular" employees could seek appeal, but "probationary" employees could not. The plaintiff maintained that he had become a regular employee by virtue of the failure of the director of the Department of Social Services to comply with Regulation1 CSR 20-3.040(2), which provided:
 When an extension [of probationary status] has been approved by the director, the appointing authority shall notify the employee in writing of the extension and the reasons therefor.
The plaintiff argued that the failure of the director to notify him of his continued probationary status automatically granted him the status of a regular employee and, therefore, entitled him to appeal his termination.
The court rejected this argument and ruled that the plaintiff had never become a regular employee, stating that where a statute or regulation merely requires that certain things be done without prescribing the results that shall follow if they are not done, then the statute or regulation is directory rather than mandatory. Id.
at 172. The regulation in question here, 10 CSR 50-2.030(9), provides merely that the State Geologist shall review the application within 15 days, but is silent as to the consequences of the failure of the State Geologist to act within that time. Therefore, under the Hedges case, we conclude that this provision is directory rather than mandatory, and that no permit will automatically issue upon the failure of the State Geologist to act upon it within 15 days.
2. Chapter 259 gives the Missouri Oil and Gas Council the authority to promulgate regulations to prevent the migration of fluids into underground sources of drinking water.
Citation of Laws and Regulations
Section 259.070
 Explanation of Authority
Section 259.070 clearly provides the Missouri Oil and Gas Council with the Authority to promulgate regulations to prevent the migration of fluids into underground sources of drinking water. Section 259.070(2) gives the Missouri Oil and Gas Council the power to regulate by rule:
* * *
 (a) The drilling, producing, and plugging of wells, and all other operations for the production of oil or gas;
 (b) The shooting and chemical treatment of wells;
* * *
 (d) Operations to increase ultimate recovery such as cycling of gas, the maintenance of pressure, and the introduction of gas, water, or other substances into producing formations;
and
 (e) Disposal of highly mineralized water or oil field wastes; [Emphasis added.]
Section 259.070(1)(e) gives the council the authority to require:
 The drilling, casing, operation, and plugging of wells in such manner as to prevent the escape of oil or gas out of one stratum into another; the intrusion of water into oil or gas stratum; the pollution of fresh water supplies by oil, gas, or highly mineralized water; . . . [Emphasis added.]
Section 259.070(5) also gives the council the authority:
 (5) To promulgate and to enforce rules, regulations, and orders to effectuate the purposes and the intent of this chapter;
These provisions clearly give plenary power to the Missouri Oil and Gas Council to regulate the operation of oil and gas wells. Furthermore, Section 259.070(1) specifically empowers the council to require that the operation of wells is conducted so as to prevent the pollution of fresh water supplies. Given these provisions, the Missouri Oil and Gas Council plainly has the authority to promulgate regulations that require that injection well operations be conducted so as to prevent the migration of fluids into underground sources of drinking water.
CONCLUSION
It is the opinion of this office that Regulation 10 CSR 50-2.030
of the Missouri Oil and Gas Council provides adequate time for public participation procedures to be completed. The 15-day time period prescribed by 10 CSR 50-2.030(9) is directory. Failure of the State Geologist to act upon a permit application within 15 days does not result in automatic issuance of a permit. Chapter 259, RSMo 1978, provides adequate authority for the promulgation of regulations by the Missouri Oil and Gas Council to prevent the movement of fluids into underground sources of drinking water.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Kirk Lohman.
Very truly yours,
 JOHN ASHCROFT Attorney General