FIREMEN'S RETIREMENT SYSTEM
OF ST. LOUIS, Appellant,

v.

CITY OF ST. LOUIS, Respondent.

No. 53913.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 19, 1988.

Bartley, Goffstein, Bollato and Lange, St. Louis, for appellant.

James J. Wilson, Julian L. Bush, St. Louis, for respondent.

SIMON, Presiding Judge.

Appellant, Firemen's Retirement System of St. Louis (hereafter FRS or the "System"), appeals from an order entered in its declaratory judgment action denying its motion for summary judgment and granting respondent's, City of St. Louis (City), cross-motion for summary judgment. The City has not appealed any order of the trial court; therefore, we shall not review any points raised in their brief except in response to FRS's points on appeal. On appeal, FRS claims that the trial court erred in: (1) holding the City of St. Louis Ordinance No. 59018 valid because the ordinance failed to adopt the formula for calculating pension benefits provided by §§ 87.-120(3) and 87.175.1 RSMo (1986); and, alternatively, (2) failing to hold that said ordinance adopted said formula because said ordinance purported to comply with § 87.175.1 RSMo (Cum.Supp.1984), which provides the formula for pension benefits for firemen.

The facts are complicated but not in dispute. FRS is a system conferring benefits on firemen employed by the City of St. Louis. The issue centers around §§ 87.-120(3) and 87.175.1 RSMo and §§ 4.18.-010(C) and 4.18.130(A) of the Revised Code of the City of St. Louis (hereafter Revised Code).

Originally, § 86.483 RSMo (1943), the predecessor of § 87.125 RSMo (1986), authorized the City of St. Louis to establish a system for the pensioning of its fire department members. Section 87.120(3) RSMo (1986), and its predecessors, provided varying definitions for the term, "average final compensation," over the years. As will be seen below, § 87.175.1 RSMo (1986), uses the term, "average final compensation," in the statutory formula for calculating the amount a retiree will receive. In 1972, § 87.120(3) was most recently amended, changing the definition of the term, "average final compensation," to "the compensation of the member during his highest earnings year in the service as a fireman." The previous definition of the term, "average final compensation," was as follows: "the average earnable compensation of the member during his last five years of service as a fireman, or if he has had less than five years of service, then the average earnable compensation of his entire period of service." Section 87.120(3) RSMo (1959).

Section 87.175.1 RSMo provides the formula for pension benefits. The section was most recently amended in 1983. Prior to the amendment the section read as follows:

Upon retirement for service a member shall receive a service retirement allowance which shall be equal to fifty percent of the average annual compensation for the last three years of service, plus an amount equal to four percent of the average annual compensation for the last three years of service for each additional year of service after twenty-five years, but no service retirement allowance shall exceed an amount equal to seventy percent of the average annual compensation for the last three years of service.

Section 87.175.1 RSMo (Cum.Supp.1982). The 1983 amendments to § 87.175.1 RSMo substituted the words, "final compensation," for the phrase, "annual compensa-

tion for the last three years of service," in three places. The section now reads as follows:

> Upon retirement for service, a member shall receive a service retirement allowance which shall be equal to fifty percent of the average final compensation, plus an amount equal to four percent of the average final compensation for each additional year of service after twenty-five years, but no service retirement allowance shall exceed an amount equal to seventy percent of the average final compensation.

Section 87.175.1 RSMo (1986).

Chapter 4.18 of the Revised Code of the City of St. Louis contains the ordinances establishing the FRS. In the past the City has attempted either to meet or to exceed the statutory guidelines for the FRS. Chapter 4.18 contains many sections that are substantially similar to sections contained within Chapter 87 RSMo (1986). Like § 87.175.1 RSMo (1986), § 4.18.130(A) Revised Code provides a formula for calculating the amount a retiree receives. Further, like § 87.120(3) RSMo (1986), § 4.18.010(C) Revised Code defines the term, "average final compensation."

In an apparent attempt to conform the Revised Code to the 1959 amendment to § 87.120(3), Ordinance No. 56444 was enacted in 1973, which, in pertinent part, amended the definition of the term, "average final compensation," contained within § 4.18.010(C) Revised Code to provide as follows: "the average earnable compensation of the member during his last three years of service as a fireman, or if he has had less than three years of service, then the average earnable compensation of his entire period of service." This definition is more generous than the § 87.120(3) RSMo (1959) definition which was five (5) years. Ordinance No. 56444 was enacted in 1973; however, as previously noted, the State legislature in 1972 enacted another amendment to § 87.120(3) defining the term, "average final compensation," as "the compensation of the member during his highest earnings year in the service as a fireman." § 87.120(3) RSMo (1986). Thus, the current City ordinance definition is three (3) years and the current statutory definition is one (1) year. We note that the question of the validity of Ordinance No. 56444 amending § 4.18.010(C) Revised Code is not before us.

Ordinance No. 56444 did not amend § 4.18.130(A), the pension formula section of the Revised Code. From 1973 to 1983, that section read as follows:

> Upon retirement for service a member shall receive a service retirement allowance which shall be equal to fifty percent of the average annual compensation for the last three years of service, plus an amount equal to four percent of the average annual compensation for the last three years of service for each additional year of service after twenty-five years, but no service retirement allowance shall exceed an amount equal to seventy percent of the average annual compensation for the last three years of service.

The definition of the term, "average final compensation," contained within § 4.18.010(C) had no effect on the amount of pension a retiree would receive under § 4.18.130(A), because the term, "average final compensation," was not contained within § 4.18.130(A) at that time. In 1983, the City enacted Ordinance No. 59018, inter alia, in an apparent attempt to reconcile the formula section, § 4.18.130(A), with the definition section, § 4.18.010(C), and with the 1983 amendments to § 87.175.1 RSMo. Now, § 4.18.130(A) Revised Code is identical to § 87.175.1 RSMo (1986). (*Note:* the comma following the word "service" in the first line of the statute is omitted in the ordinance). Ordinance No. 59018 did not affect the definition of "average final compensation," contained within § 4.18.010(C) Revised Code.

Consequently, the statutory formula to compute a retiree's benefits results in higher benefits than the ordinance formula because of the differing definitions of the term, "average final compensation." The City uses the ordinance formula in making its contributions to the System.

FRS filed suit, in its name only, seeking to declare Ordinance No. 59018, specifically

§ 4.18.130(A) Revised Code, invalid, thereby compelling the City to use the benefit formula set forth in §§ 87.120(3) and 87.-175.1 RSMo (1986). The City filed a motion to dismiss the lawsuit claiming FRS lacked legal capacity to sue. The trial court overruled the motion. The City then sought summary judgment, or in the alternative, dismissal based on the lack of capacity to sue and a lack of standing to sue. FRS also sought summary judgment. The trial court sustained the City's motion for summary judgment and overruled the System's motion. An appeal followed. *See, The Firemen's Retirement System of St. Louis v. City of St. Louis,* 732 S.W.2d 557 (Mo.App.1987). We dismissed the appeal and directed the trial court to make specific findings, a determination of the System's standing to sue, whether there was a justiciable controversy, and a declaration of the rights of the parties.

Thereafter, the parties filed their proposed findings of fact and conclusions of law. The trial court issued its findings and conclusions which, once again, granted judgment to the City. FRS filed its second appeal.

■ The trial court concluded that FRS has the capacity to sue and has standing to raise the validity of the ordinance in a declaratory judgment proceeding. Pursuant to Rule 73.01(c), we affirm the trial court's ruling on these matters. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

■ Directing our attention to the merits of the case, FRS in its first point claims the trial court erred in holding that Ordinance No. 59018 is valid because the ordinance did not adopt the entire statutory formula even though the City purportedly sought to make the Revised Code comply with the statutory guidelines. Although Ordinance No. 59018 amended other sections within Chapter 4.18 Revised Code, FRS has limited its point regarding the validity of Ordinance No. 59018 to a discussion of the pension formula contained within §§ 4.18.-010(C) and 4.18.130(A) Revised Code and, therefore, our review of the validity of the ordinance is likewise limited.

Both parties rely on *Trantina v. Board of Trustees of the Firemen's Retirement System of St. Louis,* 503 S.W.2d 148 (Mo. App.1973), to support their arguments. In *Trantina,* our court faced a similar factual situation. William Trantina, a twenty-nine and one-half year veteran of the St. Louis Fire Department, made application to the Board of Trustees of the FRS for pension benefits upon reaching the compulsory retirement age of sixty-five. The Board computed Mr. Trantina's benefits based on Ordinance No. 55177 enacted in 1968, which adopted the pension benefit formula of § 87.175 RSMo (Supp.1967). In 1969, the Missouri legislature made further amendments to § 87.175 RSMo. The 1969 formula would have produced higher benefits for Mr. Trantina than the 1967 formula. Mr. Trantina argued that Ordinance No. 55177 was superseded by § 87.175 RSMo (1969), and that his pension benefits should be based on the 1969 statutory formula rather than the formula contained in Ordinance No. 55177. We concluded that the enabling act for the FRS, § 87.125 RSMo, is permissive. It grants the City the authority to establish the System, but does not mandate any action be taken by the City, unlike the statutory framework establishing the St. Louis Police Pension System (§§ 86.200 through 86.363 RSMo (1969)). We found Ordinance No. 55177, enacted in 1968, was consistent with the provisions of the act authorizing its enactment and was not in conflict with it. As such, the ordinance was not superseded by the amendments to § 87.175 RSMo (1969), and the Board correctly computed Mr. Trantina's benefits in accordance with the ordinance.

We agree that *Trantina* is controlling. Specifically, the *Trantina* court declared as follows:

It is manifest that the new guidelines enacted by the legislature for pension benefits were to act prospectively so that if the City decided to change its pension plan benefits, it would increase them in accordance with the new guidelines ... Accordingly, we find that Ordinance No. 55177 was enacted pursuant to the permissive enabling legislation of §§ 87.120 through 87.370; that it is still effective

and not affected by the amendment to § 87.175, for the enabling legislation pursuant to which Ordinance No. 55177 was enacted was not repealed by the amendment to § 87.175.

*Id.* at 153 (Citation omitted). FRS maintains that if the City seeks to amend one ordinance involving the System, then *Trantina* requires the City to amend all of the ordinances which establish the FRS that are different from, or in conflict with, their recently amended statutory counterparts. On the other hand, the City would have us interpret *Trantina* as granting the City carte blanche to amend FRS's ordinances because the enabling statute, now § 87.125 RSMo (1986), was found to be permissive in that it does not mandate the creation of the FRS and, therefore, the City ought to have a free hand in legislating for it. We disagree with both interpretations.

It is important to note that Ordinance No. 59018 did not change the pension benefits conferred by §§ 4.18.010(C) and 4.18.-130(A) Revised Code, but only substituted the words, "final compensation," for the phrase, "annual compensation for the last three years of service," in three places inside § 4.18.130(A) Revised Code. This change enabled the definition of "average final compensation" from § 4.18.010(C) to be used in conjunction with the formula contained within § 4.18.130(A) Revised Code. The definition of the term, "average final compensation," as contained within § 4.18.010(C) Revised Code when read in conjunction with the Ordinance No. 59018 amendment to § 4.18.130(A) Revised Code provides the same pension benefits as § 4.18.130(A) provided prior to the 1983 amendment.

In *Trantina*, we concluded as follows: "... if St. Louis were to amend Ordinance No. 55177 to change the pension benefits, it must do so in accordance with the provisions of the statute in effect at the time of such ordinance amendment." *Trantina*, 503 S.W.2d at 153. Clearly, the enactment of Ordinance No. 59018 did not change the pension benefits formula as contained within § 4.18.130(A) Revised Code. The ordinance, in pertinent part, merely enabled § 4.18.130(A) Revised Code to be read in conjunction with the definition contained within § 4.18.010(C) Revised Code. Therefore, the City was not required to amend its definitional section, in particular § 4.18.010(C) Revised Code, to make it conform to the latest amendments to § 87.120(3) RSMo, the statutory section. Thus, we conclude that FRS's first point is not meritorious.

In its second point on appeal, FRS contends the trial court erred by failing to hold that Ordinance No. 59018 adopted the precise numerical formula for computing firefighter pension benefits set forth in § 87.175 RSMo. We interpret the ordinance in question by giving its words their plain and ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory or oppressive results. *State ex rel. Jackson County v. Spradling*, 522 S.W.2d 788, 791[1] (Mo.banc 1975). Clearly, interpreting Ordinance No. 59018 to incorporate the definitional section, § 87.120(3) RSMo, without specifically stating so would be to impute an intent upon the lawmakers that is not evident on the face of the ordinance. Point denied.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.