**FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS, et al., Respondents,**

v.

**CITY OF ST. LOUIS, Appellant.**

No. 72183.

Supreme Court of Missouri, En Banc.

May 15, 1990.

James J. Wilson, City Counselor, Julian L. Bush, Assoc. City Counselor, Elkin L. Kistner, St. Louis, for appellant.

1. All statutory references are to RSMo 1986.

Daniel G. Tobben, Jerry J. Murphy, Daniel T. Glowski, St. Louis, for respondents.

COVINGTON, Judge.

■ This is a declaratory judgment suit brought by Firemen's Retirement System of St. Louis ("FRS") and the individual members of its Board of Trustees ("Trustees") to determine whether secretary of FRS is a position within and subject to the civil service article of the charter of the City of St. Louis ("City"). FRS has the capacity to bring suit. *Firemen's Retirement System of St. Louis v. City of St. Louis*, 754 S.W.2d 21, 24 (Mo.App.1988). In what was denominated as an affirmative defense to the suit, the City challenged the constitutionality of the enabling act under which municipal corporations operating under a charter may establish a firemen's pension plan. §§ 87.120–87.370, RSMo 1986[1]. The City also counterclaimed seeking a declaration that the positions of secretary and clerk-typist, as established by the Trustees, are not excepted positions in the classified service. The City contends the positions may be filled only by use of competitive examinations and other procedures applicable under the City's civil service system.

■ The trial court declared the position of secretary not within the scope of the civil service article. The court held the issue regarding the clerk-typist position moot since there was no open position at the time. The City appealed to the Missouri Court of Appeals, Eastern District, and later moved to transfer the case to this Court, claiming invalidity of §§ 87.120, *et seq.* The court of appeals transferred the case. The judgment of the trial court that the position of secretary is not subject to the civil service rules is affirmed. Under the City's counterclaim, the terms of employment of the clerk-typist position remain at issue. This Court finds the clerk-typist position is not subject to civil service rules. The judgment of the trial court as it affects the position of clerk-typist is reversed.

The Civil Service System of the City of St. Louis ("civil service system"), St. Louis, Mo., Charter art. XVIII ("City charter"), requires a competitive process for filling positions in the "classified service" of the City exclusive of "excepted positions." "Classified service" means all positions in the city service except those specifically placed in the "unclassified service." "City service" means all positions subject to control and regulation by the City as a municipal corporation or any of its officers or other agencies. Article XVIII of the City charter lists the categories of positions that are excepted or unclassified.

From the inception of FRS in 1949, the Trustees hired employees without involvement by the civil service system. When the secretary position became vacant in 1988, the Trustees intended again to fill the vacancy by assumed authority of § 4.18.065 of the City code. The City, however, challenged the Trustees' right to appoint the secretary without following the process delineated in article XVIII of the City charter. In response the Trustees initiated their declaratory judgment action.

Article VI, § 25, of the Missouri Constitution prohibits charter cities generally from granting public money to any private individual, association or corporation, but specifically provides that the General Assembly may authorize cities to provide for the pensioning of its officers and employees. Section 87.125, enacted pursuant to article VI, § 25, of the Missouri Constitution, authorizes cities to provide by ordinance for the pensioning of firemen. The City created FRS under authority of § 87.120, *et seq.*, by enacting chapter 4.18 of the City code. St. Louis, Mo., Rev.Code § 4.18.015. Under this chapter, the general administration and the responsibility for operation of FRS is vested in the Trustees. The Board of Trustees consists of eight members: the City fire chief and the comptroller or deputy comptroller of the City, both *ex officio;* two members appointed by the mayor; three members elected by the members of FRS; and, one member elected by the retired firefighters from their own number. The Trustees serve without compensation. St. Louis, Mo., Rev.Code § 4.18.055.

Chapter 4.18 of the City code makes no reference to the City's civil service system. The language of § 4.18.065, which governs appointment and compensation, is inconsistent with civil service principles:

The Board of Trustees shall elect from its membership a chairman, and shall by a majority vote of its members appoint a secretary who may be one of its members. It may engage actuarial and other services as required to transact the business of the Retirement System. The compensation of all persons engaged by the Board of Trustees and all other expenses of the Board shall be paid at such rates and in amounts the Board and Trustees shall approve.

Chapter 4.18 read in its entirety gives emphasis to the plain language of § 4.18.065 of the City code. The City has explicitly divested itself of significant control of the pension fund and its trustees. Chapter 4.18 directs FRS to conduct all of its business and invest all of its funds, cash, securities and properties in its own name. St. Louis, Mo., Rev.Code § 4.18.015. FRS is managed solely by the Board of Trustees. St. Louis, Mo., Rev.Code §§ 4.18.015 and 4.18.225. Acting in their fiduciary capacity for the benefit of the firefighters and their families, the Trustees maintain exclusive control over the various funds of FRS, including the general reserve fund and the expense fund. St. Louis, Mo., Rev.Code §§ 4.18.285 and 4.18.-315. It is the Trustees, not the City, who certify each year the amount the City is required to appropriate for the following year: "The amount so certified shall be appropriated by the City and transferred to the Retirement System for the ensuing year." St. Louis, Mo., Rev.Code § 4.18.320. Although the City created FRS, its Trustees function independently. Under city ordinance, the positions at issue are subject to control and regulation by the Trustees. The secretary and clerk-typists are not in the City's service; thus, article XVIII of the City charter does not apply.

In support of the City's claim that the positions in question are within the "city service," the City cites the following factors: the positions are created pursuant to city ordinance; the City retains the ability to repeal the ordinance; the jurisdiction of the Trustees is limited to matters pertaining to present and former City employees; seven of eight Trustees are City employees or appointees of the Mayor; and funds managed by the system are supplied either by the City or through mandatory contributions from employees. The factors cited are not unpersuasive. When balanced against the comprehensive power given the Trustees in chapter 4.18 of the City code, however, the City's argument fails. The Trustees function nearly autonomously in their fiduciary capacities. Additional factors contradict the City's contention: the City's auditor has stated his belief that the employees of FRS are not part of the civil service system and has recommended that his audit be conducted accordingly; the Trustees alone have set and paid compensation of all persons engaged by the Trustees; money for salaries comes from FRS's expense fund; and the City code itself makes three separate references to "employees of the Board." St. Louis, Mo., Rev.Code § 4.18.245. It is important to note that FRS has hired its employees independently since its inception. The City has not asserted any control over the power to appoint employees over this long period. Furthermore, if a Trustee is named secretary, as is permitted by ordinance, the secretary is clearly not subject to the civil service system.

■ The City contends that the "secretary" contemplated in § 4.18.065 of the City code is a clerical worker, not an executive secretary as sought to be appointed in this instance. There is no basis for distinction in this case. Nothing evidences the existence of two separate titles or functions. The record reveals that the Trustees seek to appoint one secretary and the secretary's responsibilities may include a myriad of duties.

The City claims that even if the positions in question are not within the civil service system, the trial court was required to determine whether the City charter permitted the position to be outside the classified service. The City's contention assumes the positions at issue to be within the City's service. The contention is refuted by the holding that article XVIII of the City charter does not apply in this case.

■ The City also contends that § 87.120, et seq., is an improper limitation on the City's home rule powers: "No law shall be enacted creating or fixing the powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter...." Mo. Const. art. VI, § 22. The City's assertion is without merit. The establishment of a firemen's pension plan is permissive; the statute is directory, not mandatory. § 87.125; *Trantina v. Board of Trustees of the Firemen's Retirement System*, 503 S.W.2d 148, 151–52 (Mo.App.1973). The enabling statute does not violate article VI, § 22, of the Missouri Constitution.

Article XVIII of the City charter does not apply to the positions of secretary and clerk-typist employed in the service of FRS. The judgment of the trial court that the position of secretary is not subject to the civil service rules is affirmed. The judgment of the trial court as it affects the position of clerk-typist is reversed.

All concur.