**CIVIL SERVICE COMMISSION OF THE CITY OF ST. LOUIS, et al., Respondents,**

v.

**MEMBERS OF THE BOARD OF ALDERMEN OF THE CITY OF ST. LOUIS, et al., Respondents,**

**FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS, et al., Appellants.**

No. SC 84535.

Supreme Court of Missouri, En Banc.

Jan. 14, 2003.

Daniel G. Tobben, David R. Bohm, Danna McKitrick, Richard P. Perkins, Jerome A. Diekemper, St. Louis, for Appellants.

James C. Hetlage, John F. Arnold, Lisa O. Stump, Patricia A. Hageman, Edward J. Hanlon, Deputy City Counselor, St. Louis, for Respondents.

MICHAEL A. WOLFF, Judge.

The St. Louis City Board of Aldermen enacted an ordinance that allows the city's firefighters to receive cash payments to their individual retirement funds for un-

used sick pay. The St. Louis Civil Service Commission challenged the ordinance, claiming that the city charter requires that the civil service commission recommend such an ordinance before the board of aldermen may enact it. The board of aldermen enacted the ordinance, over the mayor's veto, without a favorable recommendation of the civil service commission.

After the civil service commission filed its petition for declaratory and injunctive relief, the Firemen's Retirement System of St. Louis[1] and its trustees intervened, as did St. Louis Firefighters Association Local 73 and several individual firefighters.

The trial court struck down the ordinance and found that, to be valid under the city charter, the ordinance must have the commission's recommendation. After opinion in the Court of Appeals, Eastern District, this Court granted transfer. We have jurisdiction. Mo. CONST. art. V, sec. 10.

The judgment of the circuit court is reversed. The ordinance is valid without the civil service commission's recommendation.

## Enactment of the Ordinance

Despite objection from the civil service commission, the Board of Aldermen of the City of St. Louis enacted Ordinance No. 64923 in April 2000. The ordinance mirrors a state statute, section 87.371, as amended in 1999,[2] which authorizes use of unused sick pay for firefighters' deferred retirement option plan accounts.

The civil service commission, which was created pursuant to Article XVIII of the

---

1. The Firemen's Retirement System was created under Chapter 4.18 of St. Louis's City Code. Operation of the system is vested in a group of eight trustees, who function independent of control by the city. *See Firemen's Retirement System of St. Louis v. City of St.*

*Louis,* 789 S.W.2d 484, 486 (Mo. banc 1990); *see also* section 87.125.

2. References are to RSMo 2000 unless otherwise indicated.

city charter for the administration of civil service rules and regulations, challenged the ordinance for failure to comply with Article XVIII, sections 4 and 7. These sections, in pertinent part, state as follows:

Section 4. The mayor and aldermen shall provide, by ordinance:

(a) Compensation plan. For adoption of a comprehensive compensation plan for the fixing of rates of pay of all employees in the classified service, and amendments thereto, *on recommendation of the civil service commission,* and for its application and interpretation....

(b) Retirement system. For a contributory retirement system on a sound actuarial basis, if and when permissible under the Constitution and Laws of the State of Missouri, to provide for retirement of employees in the classified service who have become unable to render satisfactory service by reason of physical or mental incapacity;.... (Emphasis added.)

Section 7. The Commission shall have power, and it shall be its duty ...

(b) Ordinances. To recommend to the mayor and aldermen in accordance with this article, ordinances to provide for:

(1) a compensation plan providing properly related scales of pay for all grades of positions, and rules for its interpretation and application;

(2) a plan for a system for retirement of superannuated and otherwise incapacitated employees, if and when permissible under the Constitution and Laws of the State of Missouri....

Relying on these sections, the commission makes two arguments for nullifying the ordinance, which was enacted without its favorable recommendation: (1) the language of section 4, when coupled with section 7, mandates that the commission's recommendation is required for retirement-related ordinances; and (2) in the alternative, the retirement provisions in Ordinance No. 64923 are related to compensation and, thus, the commission's recommendation is expressly required under Article XVIII, section 4(a).

The commission argues that this Court in *Abernathy v. City of St. Louis,* 313 S.W.2d 717 (Mo.1958), held that an ordinance pertaining to civil service must receive commission approval and, thus, *Abernathy* controls the outcome in this case.

**Plain Meaning Analysis**

When construing a provision of a city charter or ordinance, the general rules of statutory construction apply. *Fleming et al., v. Moore Bros. Realty Co.,* 363 Mo. 305, 251 S.W.2d 8, 15 (1952). Where a provision's language is clear, courts must give effect to its plain meaning and refrain from applying rules of construction unless there is some ambiguity. *State ex rel Baumruk v. Belt,* 964 S.W.2d 443, 446 (Mo. banc 1998).

When reading Article XVIII, section 4; for its plain meaning, it is apparent that the commission's recommendation is required where the ordinance pertains to compensation plans and not required where the ordinance involves retirement systems.

The language in section 4(a) specifically provides for the adoption of a comprehensive compensation plan "on recommendation of the civil service commission." No such language is present in section 4(b) concerning retirement systems. It is evident, then, that the commission's recommendation is not required to enact such an ordinance. This is especially true where these sections are independent of each oth-

er and where one contains specific language mandating the commission's recommendation while the other does not.

The language is unambiguous. This Court, thus, gives effect to the language as written. *Baumruk*, 964 S.W.2d at 446.

The commission would have sections 4 and 7 construed together to find that its recommendation is required. Section 7 provides that the "Commission shall have power, and it shall be its duty" to recommend ordinances that provide for retirement systems. While this section's language serves to describe the commission's role, giving it the right to recommend such ordinances, the language does not mandate the commission's recommendation as a pre-condition for enactment of retirement-related ordinances.

In the alternative, the commission urges this Court to look no further than section 4(a), which mandates commission recommendation for compensation-related ordinances, and find that Ordinance No. 64923 fits within the scope of that section. The commission argues that the ordinance, which allows firefighters to accumulate unused sick leave in monetary form for retirement, falls within the definition of compensation provided in Article XVIII and, thus, section 4(a) applies.

Compensation includes "salary, wages, fees, allowances, and all other forms of valuable consideration . . . ." Section 1(e), Article XVIII. Sick pay that is transferred into a retirement fund, the commission contends, is a form of valuable consideration and is, therefore, compensation.

This argument falls short, however, because it fails to account for section 4(b). The city charter segregates part (a), labeled "compensation plan," from part (b), labeled "retirement system." The only

logical conclusion is that it was intended that part (a) specifically require the commission to recommend compensation-related ordinances, whereas part (b) was created so that retirement-related ordinances would be treated differently and enacted without recommendation.

■ Including retirement-related ordinances within the scope of section 4(a) would leave part (b) without purpose. This result would defy the norm of statutory construction that "every word, clause, sentence, and provision of a statute" must have effect. *Hyde Park Housing Partnership v. Director of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993). "Conversely, it will be presumed that the legislature did not insert idle verbiage or superfluous language in a statute." *Id.* Further, if it was intended for the commission to recommend ordinances relating to retirement, the clearest and most unambiguous way to do so would be to place the "on the recommendation of" language within part (b). Because the language is not in part (b), the intent of drafting both a part (a) and (b) within section 4 was to treat ordinances relating to compensation differently from those relating to retirement.

### Abernathy v. City of St. Louis

In finding the ordinance void, the trial court relied on this Court's decision in *Abernathy v. City of St. Louis*. *Abernathy* does not control. The ordinance in *Abernathy* established a maximum 40–hour workweek and provided for overtime pay, which relates to compensation. 313 S.W.2d 717, 718 (Mo.1958). Thus, unlike the ordinance in the present case, the ordinance in *Abernathy* fell within the scope of section 4(a), making the commission's recommendation required for its enactment.[3]

---

**3.** The *Abernathy* opinion suggests that the recommendation language of part (a) might be

read into other parts of the Article XVIII of the city charter, 313 S.W.2d at 719. That

**789**

The ordinance involved here relates solely to retirement and, thus, falls squarely within section 4(b), which contains no provision requiring the commission's recommendation.

**Conclusion**

By the plain meaning of Article XVIII, section 4, the civil service commission's recommendation is not required for the St. Louis Board of Aldermen to enact retirement-related ordinances. The ordinance at issue was properly enacted. The judgment of the circuit court is reversed.

All concur.

part of *Abernathy* is *obiter dicta* and is not to    be followed.